SOLID STEEL SCISSORS COMPANY *v.* KENNEDY.

4-7084                                                    171 S. W. 2d 929

Opinion delivered May 31, 1943.

*Hardin, Barton & Shaw,* for appellant.

*Grace & Simmons,* for appellee.

ROBINS, J.  This appeal is prosecuted by the Solid Steel Scissors Company and its insurance carrier from the judgment of the circuit court of Sebastian county affirming an award by the Workmen's Compensation Commission in favor of appellee.  Under this award appellants were required to pay to appellee compensation at the rate of $15.50 per week as long as appellee's disability should continue, not exceeding a period of four hundred and fifty weeks, with the right on the part of appellants to have the award terminated upon a showing that appellee recovered from his disability.

The evidence adduced before the commission established that appellee worked at the plant of the company

at Fort Smith from April, 1937, until he became ill in June, 1941; that at the time he went to work he weighed 176 pounds and at the time he testified he weighed 140 pounds. Appellee's illness started about three months before he quit work. He suffered from a cough, considerable expectoration, soreness of his lungs, dryness and heat sensations in the bronchial tubes, and pain in his shoulder and back. Appellee worked in the buffing department where scissors were buffed or shined by holding them against a metal wheel, covered with cloth, about twenty-four inches in diameter running at a high rate of speed. Paraffin and lime were placed on the wheel in order to polish the scissors. This operation caused minute particles of the lime and nickel to fly from the wheel, making a cloud of dust which filled the air in the room where this machine was located. In an adjoining room, where the scissors were ground on emery belts, another kind of dust was created and some of the dust from this operation was carried through an open window into the room where appellee's machine was located. One of the witnesses testified: ''The room is full of dust. It looks like a lime dust, and especially in the winter time when the windows are down, the dust is terrible in that room. You can look through the room at any time and see the lint in the air. The walls of the room are coated with a white substance. It looks like the lime is all over the walls, and the floor is just full of that lint and dust. The room is cleaned every night. . . . They take out at least a wheelbarrow load of dust . . . it flies all over the room.''

The Workmen's Compensation Law, act No. 319 of 1939, § 2, sub-divisions (e) and (f) (defining the disability for which an award may be made) provides: ''The term 'disability' means incapacity, because of the injury to earn in the same or any other employment the wages which the employee was receiving at the time of the injury; 'injury' and 'personal injury' shall mean: accidental injury or death arising out of and in the course of employment, and such occupational disease or occupational infection as arises naturally out of such employment or as naturally and unavoidably results from such

accidental injury as hereinafter defined." Among the occupational diseases for which an award may, under this law, be made silicosis, a disease caused by inhalation of mineral dust, is enumerated in § 14 of the act.

The commission made the following finding of fact: "That the claimant suffered an accidental injury that arose out of and in the course of his employment with the respondent employer which aggravated a pre-existing condition—that of bronchiectasis."

The commission based its award upon the following conclusions of law: "Aggravation of a pre-existing condition that disables an employee and prevents him from pursuing his usual occupation is compensable under the Arkansas Workmen's Compensation Act if caused by an accident that arose out of and in the course of his employment. According to the medical testimony before the commission, the claimant has been disabled since June 2, 1941. Prior to this time he had worked for a long number of years in this same employment. The only question before the commission is whether or not the conditions under which the employee was forced to work contributed to claimant's disability by aggravating a pre-existing condition. Dr. Charles S. Holt examined the claimant for the commission as an impartial physician and states that he does not hesitate to say that the dust he (claimant) breathed during the employment was contributory to the advancement of the bronchiectasis from which the claimant now suffers. The commission is of the opinion that the weight of medical opinion in this case is that the claimant, Patrick Kennedy's pre-existing condition was aggravated by the condition under which he worked and is a contributory cause to his now disabled condition."

Section 25 (b) of the Workmen's Compensation Law directs that the circuit court, on appeal, "shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other: (1) That the commission acted without or in excess of its powers. (2) That the award was procured by fraud. (3) That the facts

found by the commission do not support the award. (4) That there was not sufficient competent evidence in the record to warrant the making of the award.''

Appellee was examined by several physicians who testified in the case. The opinion of most of these physicians upon the first examination was that he was suffering from some focal infection thought by some of the physicians to be caused by diseased tonsils and by others by infected teeth. Appellee's tonsils and teeth were removed, but his disability continued, and he was finally sent to the Arkansas Tuberculosis Sanatorium for further study. An examination at the sanatorium did not reveal any pathology of his lungs, but indicated a possibility of diseased condition of the bronchial tubes. The commission requested Dr. Charles Holt of Fort Smith to make an examination and diagnosis of appellee, and Dr. Holt's report was as follows: ''In reply to your letter asking the question as to the cause of Mr. Pat Kennedy's bronchiectasis. The basic cause of bronchiectasis is due to chronic infections, the most common of which is chronically infected tonsils and teeth. By breathing in dust, whether it was in the scissors factory or any other dust, this irritates the mucous membrane and each time causes additional infection. In this way the dust from his occupation or dust from any other source would irritate and lighten up the infection in his bronchi and each time this happened it would make his bronchial condition worse. Therefore, I do not hesitate to say that the dust that he breathed in during the time he was at work was a contributory cause of the advance of the bronchiectasis. Certain types of dust are more irritating than others.''

It is not the province or duty of the circuit court or of this court on appeal to try *de novo* cases heard by the Workmen's Compensation Commission. The statute cited above limits the powers of the court to set aside any award made by the commission to the four grounds enumerated in the act. There is no contention here that the commission acted without or in excess of its power, or that the award was procured by fraud, or that the facts found by the commission do not support the award; and the only ground upon which a reversal of this award

is sought is that there was not sufficient competent evidence in the record to sustain the finding of facts made by the commission.

It is urged by appellants that there was no proof in this case that appellee suffered an accidental injury arising out of or in the course· of his employment and authorities are cited to support this contention. The term "accidental injury" has received many varying and sometimes conflicting definitions from the courts. Different injuries have been held to be embraced or not embraced within the meaning of this phrase. In our view of the case, however, it is not necessary to decide whether appellee sustained an accidental injury, because, under the testimony in this case, appellee was entitled to an award for disability caused by an occupational disease or occupational infection. It was shown that the air which appellee was forced to breathe while doing his work was strongly impregnated with mineral dust, that this dust in part came from fragmentary particles of nickel, lime and emery, and that the breathing of this dust by appellee caused or aggravated a diseased condition of his bronchial tubes, and that this resulted in his disability. It, therefore, clearly appears that appellee's disability resulted from an occupational disease or infection arising out of his employment. Since appellee was entitled to an award on this ground, appellants were not prejudiced by the finding and award of the Workmen's Compensation Commission. The judgment of the lower court affirming the commission's award is correct and is affirmed.