OZAN LUMBER COMPANY v. GARNER.

4-7624                                   187 S. W. 2d 181

Opinion delivered April 30, 1945.

*S. Hubert Mayes,* for appellant.

*Agnes F. Ashby* and *J. H. Lookadoo,* for appellee.

HOLT, J.  Appellee, Ira Garner, filed claim against the Ozan Lumber Company and its insurance carrier, with the Workmen's Compensation Commission for an award of compensation under Act 319 of 1939.  As a basis for his claim, appellee alleged that he was injured while an employee of, and in the course of his employment with, appellant lumber company.  Appellants defended against the claim on the ground that at the time of the alleged injury to appellee, he was not an employee of appellant lumber company, but was an independent contractor.  Upon a hearing before John C. Linthicum, referee of the Commission, appellee's claim was denied for the reason

"That claimant's status on date of injury was that of independent contractor, and as such is without the protection of the Arkansas Workmen's Compensation Act." Thereafter, on appeal to the full Commission, the findings and order of the referee were in all things affirmed. In apt time, appellee appealed to the Clark circuit court where the claim was presented and heard on the record made before the Commission, and the circuit court reversed the findings and order of the Commission and remanded the cause to the Commission "with directions to order that the claimant-plaintiff was an employee of the respondent-defendant and make the proper award, according to the evidence in the case." This appeal followed.

The material facts as presented are not in dispute. Appellee entered into an oral agreement with W. T. White, woods foreman of appellant, to assemble and load logs on a tract of land known as the "Stroop tract," such logs having previously been cut by the company's cutters and sawyers. Appellant company furnished appellee with a wagon, logging chains and a neck yoke, and appellee furnished his own team and other equipment, such as hooks and grabs. For this work, appellee was to be paid at the rate of $4 per thousand feet of logs loaded.

Proceeding under this arrangement, appellee received an injury while loading logs for the company.

Appellee rode to the "Stroop tract" each work day in one of the company's trucks. From the time that appellee began loading logs for the company on the "Stroop tract" until he was injured, appellant company exercised no control over appellee as to the method or manner in which appellee performed his work. Appellee never saw W. T. White, the company's woods foreman, with whom the agreement, *supra,* was made, from the time he, appellee, began loading logs until he was hurt. The company could discharge appellee at any time it chose. Appellee employed his brother for a part of the time to assist him in loading logs and paid his brother out of his (appellee's) own funds, the company having nothing to do with the transaction. Appellant company did not carry appellee

on its rolls as an employee, no social security tax, and no unemployment compensation or withholding tax was withheld by the company from any moneys due appellee.

In these circumstances, the Commission reached the conclusion that appellee was not an employee of the company at the time of his injury, but was in fact an independent contractor, and not entitled to compensation.

In a long line of decisions, since the passage of the act here in question, the rule has been clearly established that the findings of the Commission shall have the same binding force and effect as the verdict of a jury, or of a circuit court sitting as a jury, and when supported by substantial evidence, such findings will not be disturbed by the circuit court on appeal to that court or on appeal to this court. *Hughes* v. *Tapley, Administratrix,* 206 Ark. 739, 177 S. W. 2d 429; *J. L. Williams & Sons, Inc.,* v. *Smith,* 205 Ark. 604, 170 S. W. 2d 82; *Lundell* v. *Walker,* 204 Ark. 871, 165 S. W. 2d 600; *Baker* v. *Silaz,* 205 Ark. 1069, 172 S. W. 2d 419; *Solid Steel Scissors Co.* v. *Kennedy,* 205 Ark. 958, 171 S. W. 2d 929; *Birchett* v. *Tuf-Nut Garment Mfg. Co.,* 205 Ark. 483, 169 S. W. 2d 574; *Hunter* v. *Summerville,* 205 Ark. 463, 169 S. W. 2d 579, and "The rule is also well settled that in testing the sufficiency of the evidence before the Commission, the circuit court, on appeal from the Commission, and this court, on appeal from the circuit court, must weigh the testimony in its strongest light, in favor of the Commission's findings." *Hughes* v. *Tapley, supra.*

It follows, therefore, that if there is any substantial evidence in the record presented to support the Commission's findings that appellee, at the time of his injury, was not an employee, but an independent contractor and not entitled to compensation, we must reverse the judgment of the trial court, and sustain the Commission's action.

We are not concerned here with the preponderance of the testimony. After a careful review of the entire record, we have reached the conclusion that there is substantial evidence presented to support the Commission's

finding that appellee, at the time of his injury, was an independent contractor. While it is true that it appears that appellant company reserved the right to discharge appellee and that this is evidence in support of appellee's contention that he was an employee and not an independent contractor, we have many times held that this right to discharge is not controlling and is not the sole test. The rule announced by this court, and since followed in subsequent decisions, in determining whether a workman occupies the status of an employee or that of an independent contractor, is clearly stated in *Moore and Chicago Mill & Lumber Company* v. *Phillips,* 197 Ark. 131, 120 S. W. 2d 722, in Headnote 3. "If there is nothing in the contract showing an intent upon the part of the employer to retain control or direction of the means or methods by which the party claiming to be independent shall perform the work, and no direction relating to the physical conduct of the contractor or his employees in the execution of the work, the relation of independent contractor is created. The governing distinction is that if control of the work reserved by the employer is control not only of the result, but also of the means and manner of the performance, then the relation of master and servant necessarily follows. But if control of the means be lacking, and the employer does not undertake to direct the manner in which the employee shall work in the discharge of his duties, then the relation of independent contractor exists." In the body of the opinion, we said: "This court has consistently accepted and stated the settled rule that even though control and direction be retained by the owner, the relation of master and servant is not thereby created unless such control and direction relate to the physical conduct of the contractor in the performance of the work with respect to the details thereof. *St. Louis, I. M. & S. Ry.* v. *Gillihan,* 77 Ark. 551, 92 S. W. 793; *Moore Lumber Co.* v. *Starrett,* 170 Ark. 92, 279 S. W. 4." See, also, the very recent case of *Crossett Lumber Company* v. *McCain, Commissioner of Labor,* 205 Ark. 631, 170 S. W. 2d 64, reaffirming the above rule.

The fact that appellee used his own team, paid his own helper, furnished other equipment, and that appel-

lant company exercised no control over appellee in the performance of his work, and the further fact that he was not carried on the rolls of the company as an employee, and no deductions made from his wages for social security, etc., are circumstances substantial in effect supporting the Commission's findings.

For the error indicated, the judgment is reversed, and the cause remanded with directions to affirm the findings and order of the Workmen's Compensation Commission.

ROBINS and MILLWEE, JJ., dissent.