LOCKEBY *v.* OZAN LUMBER COMPANY.

4-9539                              242 S. W. 2d 115

Opinion delivered June 18, 1951.

Rehearing denied October 8, 1951.

*P. L. Smith,* for appellant.

*S. Hubert Mayes,* for appellee.

GEORGE ROSE SMITH, J. This is a workmen's compensation case in which the appellant, Roy Lockeby, seeks compensation for a temporary disability resulting from his having broken his leg on June 4, 1946. The principal question before the Commission was whether Lockeby at the time of his injury was an employee of the appellee lumber company or an independent contractor. The Commission denied the claim on the ground that Lockeby was an independent contractor, and the circuit court affirmed the decision.

Since we have concluded that the testimony is amply sufficient to support the Commission's action we think it necessary to state only the salient facts that justify a denial of compensation. Prior to 1945 the lumber company owned its own trucks, teams, and other logging equipment, and operated its business entirely as an employer. In 1945 the company changed its policy and began letting contracts for logging to independent contractors. Lockeby was formerly an employee of the company, but the Commission found that at the time of his accident he no longer occupied that status.

In 1945 the company sold a truck, tractor, and team to Lockeby, under a title retaining contract. Thereafter Lockeby employed his own crew, usually of four men. Lockeby had complete control over his crew, with sole authority to hire and discharge. He paid their wages, was responsible for their social security and withholding taxes, and supervised their work. The lumber company, however, did pay for workmen's compensation insurance on Lockeby's employees, as he was unable to advance the premiums.

By successive written contracts the company engaged Lockeby to cut timber which it owned. The company exercised no supervision over the cutting activities, except to examine the cutover tracts to see that all the timber had been removed. Lockeby furnished his own saws, files, and other tools, fed his teams, and supplied fuel and repairs for his truck. He was the sole judge of whether weather conditions permitted logging operations, was free to determine his own hours of work, and

could take time off when he chose. Lockeby was paid not by the hour, as formerly, but for each thousand feet of timber cut or hauled. Payments on the truck, tractor, and team were deducted from his compensation, and at the time of his injury Lockeby had an equity of about $400 in his purchase. The company retook the truck and tractor when Lockeby became disabled, but he kept the team, which was worth nearly as much as his equity.

On rare occasions, when there was no cutting or hauling to be done, Lockeby worked as an employee around the mill. His wages as an employee amounted to only $6.00 for the quarter ending December 31, 1945, $10.00 for the next three months, and $1.50 for the quarter in which he was hurt. In *Parker Stave Co.* v. *Hines,* 209 Ark. 438, 190 S. W. 2d 620, we held that a person may occupy the dual status of employee and independent contractor, and that only in the former capacity is he covered by the compensation law.

On the day of Lockeby's injury he had been employed to haul to the mill a small quantity of logs that the company had bought. The contract was oral, but the company's manager testified that it was the same type of agreement as those already described. Lockeby was free to select his own time for performing the contract. While the logs were being loaded on the truck he fell and broke his leg. A claim for compensation was filed, but it was allowed to pend for several years before being brought up for a hearing.

Under our decisions, such as *Ozan Lbr. Co.* v. *Garner,* 208 Ark. 645, 187 S. W. 2d 181, the facts that we have narrated are sufficient to support the Commission's conclusion that Lockeby was not an employee at the time of his accident. The distinction between an employee and an independent contractor has been well established by our decisions. With knowledge of those decisions the Legislature has not seen fit to broaden the coverage of the Act; instead the statutory definition of an employee has remained unchanged. When the original Act was repealed and a new statute adopted in 1948 the definition

of an employée was reënacted verbatim. Ark. Stats. 1947, § 81-1302.

It is argued, however, that the lumber company's method of operation after 1945 was merely a colorable arrangement to avoid liability for torts and workmen's compensation. No doubt the company was motivated by a desire to reduce its liability in those respects, but that fact is not decisive of the issue. The real question is whether, under the new arrangement, the company actually retained that supervision and control that mark the contract as one of employment, regardless of its form. There is substantial testimony to sustain the Commission's conclusion that such supervision and control were not retained by the company.

Affirmed.