Rose *v.* Black & White Cab Company.

5-111                    258 S. W. 2d 50

Opinion delivered May 25, 1953.

*Gutensohn & Ragon,* for appellant.

*Hugh Bland* and *Shaw, Jones & Shaw,* for appellee.

GEORGE ROSE SMITH, J. This is a claim for workmen's compensation for an injury received by Gustaf Rose while driving a taxicab upon which the appellee's name was painted. The Commission denied the claim upon a finding that Rose was an independent contractor rather than an employee.

This company does not own the taxicabs which bear its name. Each vehicle is owned by a driver, although in most instances the company finances the purchase by means of a conditional sales contract which requires the driver to pay $5.00 a day until the car is paid for.

The company makes no payments of any kind to the various drivers. Instead, each driver agrees to pay the company $4.50 for each twelve-hour shift during which the vehicle is in service. In return for these payments the company provides several services for the individual drivers. The main service is the maintenance by the company of a central office at which telephone calls for taxicabs are received and relayed to the drivers by radio. The company also provides collision and liability insurance and installs radio sets in the cabs, these sets being owned by the company. It also maintains a garage at which the drivers may, if they wish, buy gasoline and oil and have their vehicles repaired.

At the time of his accident Rose did not himself own a cab but was serving as an extra driver for Montie Robinson, who owned the car in which Rose was hurt.

Rose and Robinson had their own understanding, Rose agreeing to make the $4.50 payment for the twelve hours during which he drove the cab each day and also to make a daily payment of $5.00 on the purchase price. Except for these payments each was entitled to retain all fares and tips received from passengers. Had Rose's services been unsatisfactory it was not the company but Robinson who had the power to discharge him.

The appellant's contention is that this method of doing business is an artificial device for avoiding the compensation law. We answered a similar argument in *Lockeby* v. *Ozan Lbr. Co.*, 219 Ark. 154, 242 S. W. 2d 115, by saying: "It is argued, however, that the lumber company's method of operation after 1945 was merely a colorable arrangement to avoid liability for torts and workmen's compensation. No doubt the company was motivated by a desire to reduce its liability in those respects, but that fact is not decisive of the issue. The real question is whether, under the new arrangement, the company actually retained that supervision and control that mark the contract as one of employment, regardless of its form. There is substantial evidence to sustain the Commission's conclusion that such supervision and control were not retained by the company."

Here, too, we think it a question of fact whether Rose was an employee of the cab company or an independent contractor. This record is not devoid of evidence to support the Commission's finding that Rose was not an employee. There was proof that the drivers were free to work or not to work as they chose. The company had no interest in their fares or tips. The drivers were not required to purchase their cars with the company's assistance, nor were they compelled to patronize its garage. They were entitled to take vacation trips in their cabs and to use them for other purposes of their own. The twelve-hour payment of $4.50 was intended primarily to defray the expense of receiving and transmitting messages—a service obviously of value to the drivers. No driver, however, was required to accept any particular call, that being left to the driver's own wishes. On the

other hand there is testimony from which the inference might be drawn that the cab company was in fact an employer; but it is the province of the Commission rather than of the courts to settle issues of fact when the evidence is in conflict.

Affirmed.