TOWNSEND PANELING, Inc. et al *v.*
Curley BUTLER

5-5067                                          448 S. W. 2d 347

Opinion delivered December 15, 1969

[Rehearing denied January 26, 1970.]

*Terral, Rawlings, Matthews & Purtle,* for appellants.

*George Howard, Jr.,* for appellee.

FRANK HOLT, Justice. In this workmen's compensation case the appellee claims he suffered compensable injuries which were inflicted upon him by a fellow employee. The Referee and Workmen's Compensation Commission found that the appellee's injuries were compensable and the circuit court affirmed. On appeal appellants, the employer and insurance carrier, contend for reversal that there is no substantial evidence that the assault was causally related to claimant's employment. Appellants assert that appellee's injuries arose out of a private matter and not his employment.

It is well settled that on appeal we test the sufficiency of the evidence in the light most favorable to the Commission's findings and affirm if there is any substantial evidence to support the Commission's action. *Herman Wilson Lbr. Co. et al* v. *Lester Hughes,* 245 Ark. 168, 431 S. W. 2d 487 (1968); *McCollum* v. *Rogers,* 238 Ark. 499, 382 S. W. 2d 892 (1964); *Fagan Electric Co.* v. *Green,* 228 Ark. 477, 308 S. W. 2d 810 (1958). We thus review the evidence.

The claimant, 64 years of age, had worked for the appellant-employer for approximately 9 years. On the date of the injury he was operating a rip saw machine and a fellow-employee, 22 years of age, was assisting him by stacking the lumber. They worked side by side approximately three to four feet apart. According to the claimant his fellow employee, Charles Wilson, offered to bet him a quarter that he (Wilson) had $3 worth of change in his pocket. The claimant refused the bet, stating he was not interested and that he (Wilson) should attend to his duties stacking lumber. This appeared to anger Wilson and he walked off. In about three or four minutes, while claimant's back was turned, Wilson unexpectedly struck him on the left side of his face with an oak board about four feet long and four inches wide. The blow rendered claimant unconscious and caused severe injuries. Wilson contradicted this version of the altercation. He testified that an argument started when the claimant refused to pay him a bet and that claimant struck at him first. Wilson admitted striking the claimant with the board. It is undisputed that the claimant and his fellow employee had worked together in the same area for approximately two years and had never quarreled or had any trouble before, either on or off the job.

The appellants agree that the Commission properly stated the general rule pertaining to an assault by a fellow employee. The Commission said: "It is generally held that injuries resulting from an assault are compensable where the assault is causally related to the employment, but that such injuries are not compensable where the assault arises out of purely personal reasons." Larson, Vol. 1, § 11.21 et seq.; *Johnson* v. *Safreed*, 224 Ark. 397, 273 S. W. 2d 545 (1954); *Barrentine* v. *Dierks Lbr. & Coal Co.*, 207 Ark. 527, 181 S. W. 2d 485 (1944).

The appellants argue that the claimant made conflicting statements with reference to the cause of the

assault. We have repeatedly held that it is within the province of the Commission to reconcile conflicting evidence and determine the true facts. *Rose* v. *Black & White Cab Co.*, 222 Ark. 210, 258 S. W. 2d 50 (1953); *Kivett* v. *Redmond Co.*, 234 Ark. 855, 355 S. W. 2d 172 (1962).

When we review the evidence in the light most favorable to the Commission's findings, as we must do on appeal, we are in agreement with the Commission when it stated:

> "* * * The record is clear that the claimant was an innocent victim of an intentional assault by a fellow employee and in resolving the inconsistencies in the testimony of the witnesses, we find that the employee was in the place where he was expected to be; that he was performing his regular duties; that there was no aggressive act on his part and the injury sustained by claimant was a result of his employment."

The appellants further contend there is no substantial evidence that claimant was unable to work at the time of the hearing. We cannot agree. There was testimony by the appellee, as well as ample medical evidence, that at the time of the hearing the claimant was temporarily totally disabled. He is a common laborer, uneducated, and has worked in saw mills most of his adult life. At the time of his injuries he was operating an electrical rip saw. As a result of the attack he has lost the vision in his left eye with the possibility of the right eye being affected. It appears that his left leg is partially paralyzed. In his words, his left foot "flaps" and is not controllable when he walks. He suffered a broken jaw and he cannot fully open his mouth. At the time of the hearing, which was approximately a year after the injury, his face was still swollen and he suffered pain. Another answer to this contention is the fact that appellants did not list this contention as a point relied

upon for reversal. This is necessary according to our Rule 9(c).

Affirmed.