RIDGEWAY PULPWOOD and TRI-STATE
INSURANCE COMPANY *v.* Macel D. BAKER and
ROCKWOOD INSURANCE COMPANY

CA 82-285                                    646 S.W.2d 711

Court of Appeals of Arkansas
Opinion delivered February 23, 1983

*Bridges, Young, Matthews, Holmes & Drake,* for appellants.

*Kenneth E. Buckner,* for appellee Baker.

*Mayes & Murray,* by: *Walter A. Murray,* for appellee Rockwood Insurance Company.

GEORGE K. CRACRAFT, Judge. Ridgeway Pulpwood and Macel D. Baker and their respective workers' compensation insurance carriers bring this appeal and cross-appeal from a decision of the Workers' Compensation Commission finding them to be jointly liable for medical expense and disability benefits due Charles Henry Dailey. Baker also contends that the Commission erred in finding that he had controverted the claim in its entirety.

It was stipulated that Dailey was employed as a timber cutter by B. W. Robertson, a timber contractor. At the time Dailey was injured Robertson was cutting and removing both pulpwood and sawlog timber from property owned by John Boyd. Robertson sold all of the pulpwood to Baker and all of the sawlog timber to Ridgeway. Robertson was an uninsured employer but it was stipulated that under his contracts with Ridgeway and Baker, if an employee was cutting pulpwood at the time of an injury then Baker would be responsible for workers' compensation benefits and if the employee was cutting sawlogs at the time then Ridgeway would be responsible for those benefits. It was further

stipulated that the sole issue before the Commission was the type of timber being harvested at the time of the injury.

Dailey and his brother testified that the difference between sawlogs and pulpwood is that sawlogs are larger and pulpwood is chipped for manufacturing paper. Trees twelve inches and up in diameter are considered sawlogs and anything smaller is pulpwood. They both testified that at the time of his injury Dailey was cutting pulpwood as he had been instructed to do by Mr. Robertson.

John Boyd, the owner, testified that he was on his property at the time Dailey was injured. Boyd testified definitely that at the time of the injury the timber men were pulling out logs twelve to twenty inches in diameter and that these logs were not used for pulpwood. Macel Baker testified he was selling the pulpwood to Georgia-Pacific on a quota and that his quota for that week had already been met before Dailey was injured. B. W. Robertson stated that on the day Dailey was injured they cut pulpwood in the morning but that at the time his injury occurred they were cutting sawlogs and had been for over an hour and a half. He had instructed Dailey and his brother to cut sawlogs prior to the time the injury had occurred, and the crew was on the property merely to finish loading the logs. He testified that many of the trees cut would produce sawlogs on the bottom but the tops would qualify for pulpwood, that using one tree for both was not an uncommon practice, and had been done on this particular job to meet his pulpwood quota. On this conflicting testimony the Commission found that Dailey was harvesting timber, part of which could be used as sawlogs and part of which could be used as pulpwood, and that at the time of his injury he was performing services for both employers concurrently.

The evidence as to the type of wood being cut at the time of the injury was in sharp conflict and permitted three different conclusions. Ridgeway argues that the evidence that they were cutting pulpwood at the time was the more credible. Baker argues that the credible evidence tends to establish that they were cutting sawlogs. Questions of credibility and the weight and sufficiency to be given

evidence are matters for the Commission to determine. On appeal the evidence is viewed in the light most favorable to the finding of the Commission and is given its strongest probative value in favor of its order. The issue is not whether we might have reached a different result or whether the evidence would support a contrary finding. The extent of our inquiry is to determine if the finding of the Commission is supported by substantial evidence and even where a preponderance of the evidence might indicate a contrary result we will affirm if reasonable minds could reach the Commission's conclusion. It is also well settled that agencies such as this Commission are better equipped by specialization, insight and experience to analyze and determine issues and to translate evidence into findings of fact. *Allen Canning Company* v. *McReynolds,* 5 Ark. App. 78, 632 S.W.2d 450 (1982).

The Commission found from conflicting evidence that at the time of the injury the timber being harvested by Dailey was usable for both purposes and, applying the rules set forth in *Dillaha Fruit Co. et al* v. *Latourrette,* 262 Ark. 434, 557 S.W.2d 397 (1977), concluded that the employment was concurrent and held the employers jointly liable for compensation to the claimant. We cannot say that reasonable minds could not reach this conclusion or that the application of the law to that conclusion was erroneous. *Dillaha Fruit Co. et al* v. *Latourrette, supra,* held that the relation of employer to employee may be simultaneously maintained between several employers and the same employee, and where that situation is found the employers are jointly liable for compensation to the injured employee. In *Dillaha* the court cited with approval from 1(A) Larson's Workmen's Compensation Law, § 48.40 as follows:

> . . . Courts are showing an increasing tendency, however, to dispose of close cases, not by insisting on an all-or-nothing choice between two employers both bearing a close relation to the employee, but by finding a joint employment on the theory that the employee is continuously serving both employers under the control of both.

The appellant, Macel Baker, contends that the Commission erred in holding that he had controverted the claim in its entirety. We do not agree.

The right to determine the necessity of a claimant's securing the service of an attorney to preserve his benefits has been placed within the discretionary power of the Commission. Appellate courts should not set aside such a determination unless it is clearly wrong or constitutes a gross abuse of that discretion. We agree with the appellant that the mere fact payment of benefits is delayed does not amount to controversion per se. A determination of whether a claim has been controverted may be a question of fact and is not to be determined mechanically upon ascertaining whether the employee has filed his claim the employer promptly responds by accepting or controverting the claim. There are other factors which the Commission may consider in determining whether the services of the attorney were necessitated by the employer's action. *Aluminum Co. of America* v. *Henning,* 260 Ark. 699, 543 S.W.2d 480 (1976); *Hamrick* v. *Colson Company,* 271 Ark. 740, 610 S.W.2d 281 (Ark. App. 1981).

Here Baker was aware of the injury when it occurred. Dailey received no benefits from either employer for a period of thirteen weeks and then only after he had employed counsel and notice that his claim was set down for a hearing by the Commission had been given. While it does appear that Baker brought the disability payments to date and was making them at the time of the hearing, there is no evidence explaining the delay or tending to excuse it. We cannot say that the Commission's finding that the claim was a controverted one is not supported by substantial evidence or that it abused its discretion.

Affirmed.