NEW HAMPSHIRE INSURANCE COMPANY and
AFFILIATED FOOD STORES, INC. *v.*
Martin M. LOGAN, Jr.

CA 84-122                                    680 S.W.2d 720

Court of Appeals of Arkansas
Division II
Opinion delivered December 5, 1984

*Laser, Sharp & Mayes,* for appellant.

*Gary D. Corum,* for appellee.

MELVIN MAYFIELD, Judge. The New Hampshire Insurance Company has appealed from a decision of the Workers' Compensation Commission. In order to understand the issue involved, it is necessary to know some details of the largely undisputed factual background.

The appellee, Martin Logan, sustained an injury to his right leg on August 15, 1979, while working for Affiliated Food Stores. After being treated symptomatically for a period, a total knee replacement arthroplasty was performed and appellee continued to see the doctor at regular intervals. At the time of this injury, Maryland Casualty Company was the employer's insurance carrier and the injury was accepted as compensable. Maryland paid the medical bills and some

temporary total disability but as of July 12, 1981, had not paid any permanent partial disability.

On July 12, 1981, the appellee sustained another injury while at work. This resulted in surgery on both knees and it is likely that he will need more surgery in the years to come. At the time of this second injury, the employer had changed insurance carriers from Maryland to New Hampshire. The employer notified Maryland that another operation was being considered and asked if that company would still be liable for the medical bills. Maryland replied that it thought appellee's present problems were caused by his new injury and that it would not pay for the medical bills resulting from this new injury.

Upon being advised as to Maryland's position, New Hampshire began to pay the medical bills for appellee's treatment, but notified Maryland it was making demand for reimbursement, and requested a hearing before the Workers' Compensation Commission.

A hearing was had on September 21, 1982. New Hampshire told the administrative law judge it contended that the incident on July 12, 1981, was a recurrence of the earlier injury and that Maryland should be responsible for all expense and disability incurred in connection with that injury, or alternatively that the expenses should be prorated between the two carriers. Maryland said there had been a new injury, not a recurrence, and also took the position that it had no liability because it had paid no compensation for over a year and, under Ark. Stat. Ann. § 81-1318 (b)(Repl. 1976), the statute of limitations had run as to any claim against it.

New Hampshire's attorney then pointed out to the law judge that the appellee was present but not represented by counsel and suggested that it might be proper that appellee be advised about the right to have counsel since New Hampshire was paying the medical expenses under protest and had not paid any temporary total disability, Maryland was contending that limitations had run on any claim for further compensation against it, and appellee would need to

make a claim against the Second Injury Fund if Maryland was successful in its contention. The law judge advised appellee of these matters and when appellee said he would like to retain counsel, the hearing was recessed.

Another hearing was had on January 17, 1983, and the law judge subsequently held that Maryland should pay all disability and medical benefits arising from the August of 1979 injury up to the date of the second injury on July 12, 1981; this was to include payment of 50% permanent partial disability to the right leg. The injury in July of 1981 was held to be either an aggravation or recurrence of the August of 1979 injury and all benefits after July 12, 1981, were to be paid equally by both carriers. It was also held that Maryland should reimburse New Hampshire for all payments made by it that were not made in accordance with the law judge's decision; that Maryland had controverted the permanent partial disability benefits which arose prior to July 12, 1981; and that both carriers had controverted all benefits subsequent to July 12, 1981, and the attorney's fees resulting from that action should be paid equally by both of them.

The Commission affirmed the law judge's decision and the only issue presented to this court is New Hampshire's appeal from the holding that it controverted all benefits subsequent to July 12, 1981.

The appellant first points to the Commission's opinion that states "appellant should be commended" for providing the claimant with needed medical benefits after Maryland refused to do so, and appellant says if by claiming repayment from Maryland it is held to have controverted the appellee's claim, there will be no incentive for a carrier to act in such a commendable manner in the future. Appellant also says that the Commission attempted to justify its action by reasoning that appellant put appellee in the position of having to obtain an attorney, but appellant argues this is not correct because its dispute with Maryland did not threaten appellee's interest. Appellant cites *Aluminum Co. of America v. Henning,* 260 Ark. 699, 543 S.W.2d 480 (1976), where the court said the allowance of attorney's fees where claims have been controverted discourages oppressive delay in re-

cognizing liability and deters arbitrary or capricious denial of claims, and appellant says those reasons do not apply to its actions in this case.

On the other hand, the appellee takes exception to appellant's argument that it was not necessary for appellee to obtain an attorney to represent his interest. Appellee says:

> The fatal flaw in this argument is clearly demonstrated by the following hypothetical. Assume that Mr. Logan had not hired an attorney . . . Assume further that Appellant had been successful in its contention that his [appellee's] subsequent injury was a "reccurrence." Assume also that Maryland prevailed in its Statute of Limitations defense.
>
> Where would Mr. Logan be now? New Hampshire would have no responsibility at all and the claim against Maryland would have been barred. Appellant's argument . . . that Mr. Logan's interest was not "threatened" by its position in this case is specious.

We have to agree with appellee's position. It should be remembered that the primary liability for workers' compensation is upon the employer and that insurance coverage does not relieve the employer of that liability. Ark. Stat. Ann. § 81-1305 (Repl. 1976). Whether a claim has been controverted is a question of fact and is not to be determined by a mechanical approach. *Aluminum Co. of America* v. *Henning, supra; Revere Copper & Brass, Inc.* v. *Talley,* 7 Ark. App. 234, 647 S.W.2d 477 (1983). In the *Henning* case, the court said:

> A liberal construction favoring the claimant mandates a holding that the question whether a claim is controverted be one of fact to be determined from the circumstances of the particular case, only one of which is the status of the formal proceedings before the commission, and that, as in other such determinations, the commission's finding should not be reversed if there is substantial evidence to support it, or [unless] it is clear that there has been a gross abuse of discretion.

260 Ark. at 709.

It seems clear to us that the combined actions of the two carriers in this case constitute substantial evidence to support the Commission's decision that the appellant's claim was controverted. However, in view of appellant's argument that an affirmance will lessen a carrier's incentive to supply needed medical benefits that it claims are the responsibility of another carrier, and, in order to clarify the Commission's award, it is noted that we agree that the appellant did not controvert the medical expenses already paid by it on September 21, 1982, the date of the first hearing in this matter. We do not think a contrary finding would be supported by the evidence in this case, or that the statute allowing attorney's fees on controverted claims would be served by such a finding. Assuming such a finding was made, it is hereby eliminated by a modification of the award.

Affirmed as modified and remanded for further proceedings

CLONINGER and CORBIN, JJ., agree.