## JONESBORO HUMAN DEVELOPMENT CENTER *v.* Mary Jo TAYLOR

CA 97-800                                    963 S.W.2d 617

Court of Appeals of Arkansas
Divisions I and IV
Opinion delivered February 25, 1998

*Nathan C. Culp*, for appellants.

*McDaniel & Wells, P.A.*, by: *Bill Stanley*, for appellee.

ANDREE LAYTON ROAF, Judge. The Workers' Compensation Commission (Commission) ordered appellant Jonesboro Human Development Center (Center) to pay one-half the attorney's fees awarded to appellee Mary Jo Taylor, for controverting her change-of-physician request. The Center appeals from the finding that it controverted Taylor's request and from the award of attorney's fees. We agree that there is not sufficient evidence to support the Commission's finding and reverse.

Taylor, an employee of the Center, suffered a compensable injury on February 14, 1996, and the Center paid benefits. On March 15, 1996, the Center apparently refused to pay certain medicals bills because they were not from the original treating physician. On March 20, 1996, Taylor requested a change of physician. The Center received a letter from the Workers' Compensation Commission notifying it of Taylor's request. The Center responded by letter dated April 1, 1996, to the Commission and Taylor's attorney stating that there was no objection to her request provided that she gave the name of the new physician and the Commission approved the change. The Center received no response to this letter.

On May 6, 1996, Taylor requested a hearing before the administrative law judge (ALJ) regarding her change-of-physician request. On May 31st, the Center sent another letter to Taylor's attorney, again stating that there was no objection to the change and again requesting the name of the physician. There was again no response to the letter. Finally, on June 10, 1996, the Center's attorney telephoned Taylor's attorney and, for the third time, requested the name of the physician. The Center's attorney was informed that the new physician was Dr. James Robinette, and on the same day sent a letter to the ALJ stating that there was no objection to the new physician. The ALJ conducted a pre-hearing telephone conference on June 14, 1996, regarding Taylor's request for a new physician. In this conference, the ALJ approved the change and awarded Taylor attorney's fees of $200, one-half to be paid by the Center because it had controverted the request. The ALJ's decision was affirmed by the Commission. In its opinion, the Commission stated that the Center "knew, or should have known that [Taylor] requested an official change to Dr. Robinette." The Center appeals from the award of a fee.

The sole issue on appeal is whether the Commission's finding that the Center controverted Taylor's change-of-physician request is supported by substantial evidence.

The Center contends that it never controverted Taylor's request, but instead requested the name of the new physician three times before it was informed that Dr. Robinette was the new phy-

sician. The Center further states that the day it received this information, Taylor was sent a letter stating that there was no objection to the change.

In response, Taylor asserts that the Center was aware that Dr. Robinette was the new doctor because it completed an AR-E form, which listed Dr. Robinette as the physician she visited a few days after her accident. Furthermore, the Center had received bills since March 1996 from only two providers, Dr. Robinette and Mediquik, the company provider.

■ This court reviews decisions of the Workers' Compensation Commission to determine if they are supported by substantial evidence. *Deffenbaugh Indus. v. Angus*, 39 Ark. App. 24, 832 S.W.2d 869 (1992). Substantial evidence is that relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Wright v. ABC Air, Inc.*, 44 Ark. App. 5, 864 S.W.2d 871 (1993). The issue is not whether this court might have reached a different result from that reached by the Commission or whether the evidence would have supported a contrary finding. *Bradley v. Alumax*, 50 Ark. App. 13, 899 S.W.2d 850 (1995). If reasonable minds could reach the result shown by the Commission's decision, the court must affirm the decision. *Id.*

■ An award of attorney's fees is proper where a claimant's request for a change of physician is controverted by the employer. Ark. Code Ann. § 11-9-715(c)(1) (Repl. 1996). If there is substantial evidence to support a finding that a claim is controverted, there is no abuse of the Commission's discretion to award attorney's fees, and this court cannot reverse the Commission's finding in the absence of a gross abuse of discretion. *Moro, Inc. v. Davis*, 6 Ark. App. 92, 638 S.W.2d 694 (1982). Controversion is a question of fact to be determined from the circumstances of the particular case by the Commission. *New Hampshire Ins. Co. v. Logan*, 13 Ark. App. 116, 680 S.W.2d 720 (1984). The Commission's finding should not be reversed if there is substantial evidence to support it, or unless it is clear that there has been a gross abuse of discretion. *Id.*

In the present case, the Commission considered the following facts. Two letters from the Center were quoted in the opin-

ion. The April 1st letter, written by Otis Palmer, a claims manager, acknowledged the compensability of the claim and stated that,

> [c]oncerning the change of physician request, we do not object to a change to the desired physician provided we know the name of the desired physician and provided the Workers' Compensation Commission approves the change.

The May 31st letter from the Center's attorney stated:

> Respondents are not denying the claimant's petition for a change of physician *if the selected physician is acceptable* and it is treated as claimant's one time petition for a change of physician per Ark[.] Code Ann. [§] 11-9-514. Please advise the name of the physician to whom the claimant wants to change.

(Emphasis in original.)

On May 6, 1996, Taylor requested an immediate hearing before an ALJ regarding her change of physician. The Commission also noted that prior to this request, the Center had refused to pay medical bills from Dr. Robinette. Based on these facts, the Commission found that the Center knew or should have known that Taylor wanted to change to Dr. Robinette, and therefore sufficiently controverted her request so as to warrant an award of fees.

We do not agree that reasonable minds could reach this conclusion based on the evidence before the Commission. Neither the April 1st or May 31st letter from the Center objected to Taylor's request for a change of physician. On the contrary, both letters specifically stated that there was no objection to the request and asked for the name of the new physician. Moreover, Ark. Code Ann. § 11-9-514(e) (Repl. 1996) encourages both the employer and the employee-claimant to cooperate in an effort to select another physician. Here, there was no cooperation on Taylor's part. Instead of simply providing the name of the doctor (after three requests), she opted to go forward with a hearing.

Moreover, the Center was within its rights to refuse payment of Dr. Robinette's bills submitted before Taylor requested a change of physician on March 20, 1996. The procedure for

obtaining a change of physician is contained in Ark. Code Ann. § 11-9-514, and provides in pertinent part:

> the claimant may petition the commission one (1) time only for a change of physician, and, if the commission approves the change, with or without a hearing, the commission shall determine the second physician and shall not be bound by the recommendations of the claimant or respondent.

It is clear from the Center's letters that it was merely seeking to insure that Taylor follow the statutory procedure for obtaining a one-time change of physician, and it is unreasonable to find that the Center should know, from bills sent prior to the request for change, who that new physician was to be. It is not uncommon for claimants to obtain medical services from several physicians and medical providers for treatment of their injuries. Moreover, referrals to specialists by the treating physician are authorized without making a change of physician. *See Department of Parks and Tourism v. Helms*, 60 Ark. App. 110, 959 S.W.2d 749 (1998). Finally, neither the bills in question, the AR-E form, nor the letter of March 15, 1996, denying payment for Dr. Robinette's bills referred to in Taylor's argument, were made part of the record. Consequently, we determine that the Commission's finding is not supported by substantial evidence, and that it could not reasonably conclude from the evidence of record that the Center controverted the change of physician. We therefore reverse the award of attorney's fee to Taylor.

Reversed.

AREY, NEAL, ROGERS, and STROUD, JJ., agree.

PITTMAN, J., dissents.

JOHN MAUZY PITTMAN, Judge, dissenting. I respectfully dissent. The appellant in this case is a state agency. The appellant argues that it did not controvert appellee's request for a change of physicians, and that it merely wanted to know the name of the new doctor. The Commission found that the agency knew or should have known who the new doctor was, and concluded that the agency had in fact controverted the request for change of physicians.

Whether or not a claim has been controverted is a question of fact, *Electro-Air v. Villines*, 16 Ark. App. 102, 697 S.W.2d 932 (1985), and it is not a question to be determined mechanically. *Ridgeway Pulpwood v. Baker*, 7 Ark. App. 214, 646 S.W.2d 711 (1983). To my mind, the real issue in the case at bar is whether the state agency has used its vastly superior resources to confront the injured employee with formally correct but practically pointless legal obstacles to overcome in order to obtain medical care.

Reduced to its essential terms, we have before us a case where the employee was required to retain an attorney to obtain a routine change of physician. The Commission, finding that the agency has been needlessly obstructionist, awarded the employee attorney's fees in the amount of $100.00. The Public Employee Claims Division, apparently intent on demonstrating that it was neither underfunded nor reasonable, filed this appeal.

I think that the Commission should be praised for its sensitivity to the potential for abuse that arises when the legitimate requests of an injured employee are opposed by the overwhelming resources of a state agency, and I would affirm.