SIMMONS NATIONAL BANK *v.* BROWN.

4-7949                                195 S. W. 2d 539

Opinion delivered July 1, 1946.

312

*Buzbee, Harrison & Wright,* for appellant.

*Henry Donham, Leffel Gentry* and *John Park,* for appellee.

MINOR W. MILLWEE, Justice. A hearing before the chairman of the Arkansas Workmen's Compensation Commission resulted in an award of compensation to appellee, George Brown, for the loss of a substantial portion of the vision of an eye while employed as a bank teller for appellant, Simmons National Bank. Upon a review by the full commission, the award was sustained. The insurance carrier and employer have appealed from the judgment of the circuit court affirming the award of the commission.

It is urged on this appeal that the evidence is insufficient to sustain the commission's finding that appellee sustained an accidental injury arising out of and in the course of his employment.

The statement, finding of fact, and conclusions of law are set out in the opinion of the commission as follows:

### "Statement of the Case

"The claimant was employed as a teller in a bank operated by the respondent employer on May 11, 1944. While performing his duties in this capacity on that date, about 1:00 p. m., the claimant became aware of an itching in his right eye and thought he had got dust in his eye. He was in the teller's cage at the time, having returned to work at the end of his lunch period, 12:45 p. m. He mentioned his difficulty to Assistant Cashier E. L. Williams, who advised him to consult a doctor. The claimant then telephoned Dr. Clark who prescribed an eye wash. The following day the claimant was still in pain and went to see Dr. Clark who referred him to Dr. Caldwell, an eye specialist of Little Rock. Thereafter, the claimant was treated without success by several eye specialists of Little Rock, Dr. Caldwell, Dr. Schwarz, and Dr. Cosgrove, and Dr. Ellet of Memphis, until Dr. Cosgrove resorted to the use of penicillin which resulted in immediate improvement.

"The medical testimony is to the effect that the claimant was suffering from a corneal ulcer which could have been caused by dust or some other foreign body or by focal infection. No source of infection was found by the doctors.

"Upon the above statement, the Commission makes the following

### "Finding of Fact

"1. The claimant sustained an accidental injury to his right eye on May 11, 1944, which arose out of and in the course of employment.

"Upon the above finding of fact, the Commission bases the following

### "Conclusions of Law

"The claimant first became aware of the condition of his right eye while performing his duties. The first

doctor who saw him made a diagnosis of: 'either foreign body or some irritant within the eye.'

"The claimant is not required to prove his case to a mathematical certainty. The doctors were of the opinion that the condition was due to foreign substance or infection, and none discovered a source of infection. This is a factor which strongly supports the claimant's contentions. We believe it amply sufficient to create a doubt that should be resolved in favor of the claimant.

"Having reached the conclusion that the claimant got foreign substance in his eye while performing his usual duties in his customary place of work, and during his regular hours of employment, we cannot escape the conclusion that the resulting injury was accidental and arose out of and in the course of employment."

In addition to the facts disclosed by the opinion of the commission, there was evidence that claimant had been employed in the bank since 1929 and was wrapping currency and silver in the teller's cage when he had a definite sensation that something was in his eye. The bank was not air-conditioned and "blow fans" were used for ventilation. None of the doctors found a foreign object in appellee's eye, but an eye wash prescribed by Dr. Clark was used by appellee on the afternoon of May 11 and the morning of May 12 before he was examined by the doctor. Dr. Caldwell and Dr. Cosgrove were witnesses before the commission and both testified that appellee, in giving his case history, told them he thought he got dust or some other foreign object in his eye while at work. They also testified that appellee's condition could have been caused by getting some foreign substance in his eye or by an infection in the body, but neither was able to find any systemic infection which would have produced the condition. Appellee had a loss of vision of 80 per cent and had been unable to work since May, 1944.

The rule to be applied in testing the sufficiency of the evidence to support an award of the commission is stated in 71 C. J., p. 1279, as follows: "Where the board

or commission has made an award in favor of the employee, the evidence must be viewed in the light most favorable to support the award, and every legitimate inference will be drawn in favor of the employee." This court is also committed to the rule that the findings of fact by the commission are, on appeal, given the same verity that would attach to a jury's verdict, or to facts found by the judge of the circuit court where a jury was waived. If the findings of fact made by the commission are supported by any substantial evidence, such findings will not be disturbed by either the circuit court, or this court, on appeal. *Lundell* v. *Walker,* 204 Ark. 871, 165 S. W. 2d 600; *J. L. Williams & Sons, Inc.,* v. *Smith,* 205 Ark. 604, 170 S. W. 2d 282; *McGregor & Pickett* v. *Arrington,* 206 Ark. 921, 175 S. W. 2d 82.

It is first insisted that there is no proof that a foreign body lodged in appellee's eye during the course of his employment, and that the commission's finding that appellee suffered an accidental injury is, therefore, wholly conjectural and without evidence to support it. A similar contention was made in a case involving a death claim in *Herron Lumber Co.* v. *Neal,* 205 Ark. 1093, 172 S. W. 2d 252, where this court said: "In all cases of this kind it is difficult to show with certainty the exact cause of death, and we do not believe that it is required by the law that the claimant should be compelled to prove the alleged cause of death to a mathematical certainty. The California Supreme Court, in the case of *Pacific Employers Ins. Co.* v. *Industrial Accident Commission,* 19 Cal. 2d 622, 122 P. 2d 570, 141 A. L. R. 798, lays down this rule: 'Circumstantial evidence is sufficient to support an award of the commission, and it may be based upon the reasonable inferences that arise from the reasonable probabilities flowing from the evidence; neither absolute certainty nor demonstration is required.'

"The rule as to the *quantum* of proof necessary to sustain an award in a case of this kind is thus expressed in 71 C. J., p. 1087: 'In determining the sufficiency of evidence, doubts should be resolved in favor of claimant, and the evidence should be reasonably and liberally con-

strued in his favor.' '' When we look to the evidence in the light most favorable to the award, and consider all reasonable inferences that may be drawn from the facts and circumstances, we think there was sufficient competent evidence to support the conclusion of the commission that appellee suffered an accidental injury in the course of his employment by getting some foreign substance in his eye.

It is next insisted that the injury, though accidental, did not arise out of the employment. Our attention is called to the rule often quoted that the words ''arising out of'' employment refer to origin and cause of accident, and that an injury arises out of employment, when there is apparent to a rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. 71 C. J. 648; Words and Phrases, Perm. Ed., vol. 4, pp. 166-174. In this connection this court, in the cases of *Hunter* v. *Summerville,* 205 Ark. 463, 169 S. W. 2d 579, and *McGregor & Pickett* v. *Arrington, supra,* approved the following statement of law appearing in the case of *Cudahy Packing Co.* v. *Parramore,* 263 U. S. 418, 44 S. Ct. 153, 68 L. Ed. 418, 30 A. L. R. 532: ''The liability is based, not upon any act or omission of the employer, but upon the existence of the relationship which the employee bears to the employment because of and in the course of which he has been injured. And this is not to impose liability upon one person for an injury sustained by another with which the former has no connection; but it is to say, that it is enough if there be a causal connection between the injury and the business in which he employs the latter—a connection substantially contributory, though it need not be the sole or proximate cause.''

The McGregor & Pickett case, *supra,* involved a claim where death resulted from a heart attack, and the court said: ''It may be admitted that deceased would not have died if he had not had heart trouble, but, even so, it was shown that his labor in the course of his employment pre-

'cipitated his trouble, and this employment was 'a connection substantially contributory' to his death.''

In discussing the requirement that an injury be one ''arising out of'' the employment, the Massachusetts court in Caswell's Case, 305 Mass. 500, 26 N. E. 2d 328, said: ''It need not arise out of the nature of the employment. An injury arises out of the employment if it arises out of the nature, conditions, obligations or incidents of the employment.'' While there must be some causal relation between the employment and the injury, it is not necessary that the injury be one which ought to have been foreseen or expected. *Baum* v. *Industrial Commission*, 288 Ill. 516, 123 N. E. 625, 6 A. L. R. 1242. Nor is it of any significance whether the injury was the natural and probable, or unusual and extraordinary, consequence of the employment. *Harding Glass Co.* v. *Albertson*, 208 Ark. 866, 187 S. W. 2d 961.

The trend of recent decisions on the question is reflected in the following statement from Horovitz on Workmen's Compensation, pp. 152-153: ''To say that 'in the course of' the employment is sufficient would make the employer an insurer, and be health and accident insurance in the guise of workmen's compensation. But where *any reasonable relation* to the employment exists, or the employment is a *contributory* cause, the court is justified in upholding an award as 'out of' the employment. The rule of liberal and broad construction is especially justified, as the acts usually severely cut down the amounts individuals can recover, with the intent that the recoveries be spread over a larger number of cases and thus benefit larger groups of workers, and to effectuate the humane purposes for which the acts were enacted. Hence board or commission awards based on a liberal construction of the words 'out of' are upheld whenever 'rationally possible'.'' Our case of *Hunter* v. *Summerville, supra,* is cited by the author in support of this rule of liberal construction.

There was substantial evidence that appellee sustained an injury within the period of his employment at

a place where he was required to be, and while he was fulfilling the duties of his employment. Applying the rules of liberal construction which must be accorded to the award made by the commission, we think the evidence substantially established his employment as a contributory cause of his disability, and that a reasonable relation existed between his injury and the conditions and incidents of his employment. It follows that there is sufficient competent evidence to support the commission's finding that the injury arose out of the employment.

The judgment of the trial court affirming the award of the commission is accordingly affirmed.