JANAZEAN DAGGS v. GARRISON FURNITURE COMPANY ET AL

5-5506                                    464 S. W. 2d 593

Opinion delivered March 15, 1971

*Sexton, Wiggins & Christian,* for appellant.

*Daily, West, Core & Coffman,* for appellee.

CONLEY BYRD, Justice. The sole issue on this appeal is whether an unprovoked assault upon appellant Jana-zean Daggs arose out of and in the course of her employment with appellee Garrison Furniture Company. The law with reference thereto is set out in *Townsend Paneling* v. *Butler,* 247 Ark. (Dec. 15, 1969), as follows:

> " 'It is generally held that injuries resulting from an assault are compensable where the assault is causally related to the employment, but that such injuries are not compensable where the assault arises out of purely personal reasons.' Larson, Vol. 2, § 11.21, et seq.; *Johnson* v. *Dierks Lbr. and Coal Company,* 207 Ark. 527, 181 S. W. 2d 485 (1944)."

The proof is that appellant worked on the same floor as her assailant, Joy Stevens. Appellant had no social contact with Mrs. Stevens, had not talked to her and had not talked about her. On the day of the occurrence appellant had clocked into appellee's premises and was waiting for the bell to go to work. The work bell rang at 7:25 A.M. About 7:15 A.M. Mrs. Stevens came up to her, said, "I heard you were talking about me" and began striking appellant.

Joy Stevens admitted the striking. On direct examination she stated that her reason for striking appellant was not connected with her work for appellee. She just struck her for personal reasons not connected with her work. On cross-examination she admitted she had never talked to appellant and that she struck appellant because of something she heard from the other employees where she worked. When asked if it would have been the day before that she heard this something she replied, "It was just about every day." On redirect she testified that she

heard the rumors from her fellow employees and the rumors concerned Billy Lowe, a man who worked in her department. On recross she said her fellow employees would come by and whisper the rumors in her ear. On redirect she stated that the matter had gotten worse the day before because of something she heard after work.

Even if the assault be considered the result of horse play, there is evidence from which the Commission could have found that it was not work connected. Of course the Commission could also have inferred that the assault was related to a purely personal matter involving Billy Lowe.

Affirmed.