## WESTARK SPECIALTIES, INC. & GRANITE STATE INSURANCE CO.
### *v.* Michael E. LINDSEY

75-275                      532 S.W. 2d 757

Opinion delivered February 23, 1976

*Daily, West, Core & Coffman,* for appellants.

*Garner, Garner & Cloar,* for appellee.

FRANK HOLT, Justice. In this workmen's compensation case, the Commission found appellee's eye injury was compensable and the circuit court affirmed. The sole contention on appeal is that the court and the Commission erred in con-

cluding the claimant sustained an injury which arose out of and in the course of his employment with the appellant Westark Specialties, Inc. It is argued that there is no causal connection between the accident-injury and appellee's employment. Specifically, appellants aver "is such an injury so reasonably incidental to the employment that it meets the requirement of arising out of the employment?" Ark. Stat. Ann. § 81-1302 (d) (Repl. 1960). Appellants correctly assert that the burden is upon the appellee claimant to prove that his injury arose in the course of his employment and additionally, it grew out of or resulted from his employment. Appellee-claimant responds that he has met the burden of proof by showing the incident, which caused his eye injury, arose out of a work connected quarrel. We agree with the appellee.

The law is well settled that in testing the sufficiency of the evidence on appeal we view it in the light most favorable to the Commission's finding and affirm where any substantial evidence exists to support its action. *Wilson Lbr. Co.* v. *Hughes,* 245 Ark. 168, 431 S.W. 2d 487 (1968); and *Sneed* v. *Colson Corp.,* 254 Ark. 1048, 497 S.W. 2d 673 (1973). Appellant agrees that there is little dispute about the facts and the real issue is one of law.

About the end of the workday, two of appellee's co-employees, Brown and Yutterman, were observed in an argument by their foreman. Brown was away from his work area and at Yutterman's station angrily pointing his finger at Yutterman. The foreman fired Brown. The foreman had previously warned Brown about his "smart mouth and popping off." This dispute arose because Brown was "razzing and kidding" a new co-employee. Yutterman told Brown " . . . let Willie do his work because he needs the work like you do." After being discharged, Brown waited outside the building for Yutterman "to get off work" and then asked him "why he had gotten me fired." An argument ensued between them. The appellee and his uncle had walked to the uncle's car where it was parked on a lot, adjacent to the building, regularly used and made available to the employees. They got into the car and were endorsing their pay checks when appellee unexpectedly suffered a bullet wound to one of his

eyes from a gun fired by Brown. Appellee and his uncle testified that as they sat in the car endorsing their checks, they observed Brown and Yutterman standing by the corner of the building engaged in an argument. The uncle testified Brown had a gun pointed toward Yutterman's head. Yutterman slapped at Brown and then the uncle heard the gun fire. The bullet hit his car and he heard appellee exclaim he was "hit in the eye." There was testimony that Brown was warned on a previous occasion by the foreman about having a gun on the premises.

In *Townsend Paneling* v. *Butler,* 247 Ark. 818, 448 S.W. 2d 347 (1969), we quoted with approval:

'It is generally held that injuries resulting from an assault are compensable where the assault is causally related to the employment, but that such injuries are not compensable where the assault arises out of purely personal reasons.'

There we upheld the Commission's finding that the claimant's injury was causally related to his employment since he was an innocent victim of a work related assault by his co-employee. We think this holding is applicable to the case at bar.

We also think Larson, Vol. 1, § 11, is pertinent here. There it is said:

Assaults arise out of the employment either if the risk of assault is increased by the nature or setting of the work, *or if the reason for the assault was a quarrel having its origin in work.* (Emphasis added.)

Further, § 11.12 reads " . . . . causal connection with the employment may be shown by connecting with the employment the subject matter of the dispute leading to the assault."

Appellant, however, cites *Southland Corp.* v. *Hester,* 253 Ark. 959, 490 S.W. 2d 132 (1973), as controlling in the case at bar. We cannot agree. Suffice it to say that there the accidental death from the discharge of a firearm which the decedent

employee had in his possession on the premises was clearly not the result of any dispute or quarrel with a fellow employee as here. In the case at bar, had Yutterman suffered an injury from the hands of his co-employee Brown, then Yutterman would be entitled to compensation. *Townsend Paneling* v. *Butler, supra.* It logically and necessarily follows that the appellee here, who was also the innocent victim of a work related assault, is likewise entitled to compensation. Certainly, the evidence is amply substantial that appellee's injury was the result of a work related quarrel arising out of and causally related to his employment.

Affirmed.