708

CITY OF MAGNOLIA *v.* Thomas CASWELL
and GRANITE STATE INSURANCE COMPANY

CA 80-102                                        600 S.W. 2d 32
Court of Appeals of Arkansas
Opinon delivered June 4, 1980
Released for publication June 25, 1980

*Jerry G. James*, for appellant.

*Shackleford, Shackleford & Phillips, P.A.*, for appellees.

GEORGE HOWARD, JR., Judge. Thomas Caswell sustained a compensable back injury on July 20, 1974, while an employee for the City of Magnolia. Appellee was awarded a 5% permanent partial disability rating. At the time, Granite State Insurance Company was the Workers' Compensation Insurer for the City of Magnolia.

After appellee was released by his physician, he remained as an employee with the City of Magnolia, but it is readily conceded that appellee was unable to resume prior duties as

an equipment operator. He could do no lifting, stooping or bending; and he continued to see his physician on the average of three or four times a year and wore a back brace. His work assignment was principally supervisory in nature because of his condition.

On January 1, 1976, the worker's compensation insurance policy issued by Granite State Insurance Company expired; and appellant elected to become a self-insurer through the State Fund For Municipal Employees.

On August 30, 1976, while assisting two fellow-employees remove a piece of equipment from a truck, appellee sustained sharp and intense pain in his back in the same area where he was injured in 1974. Appellee ceased work immediately and consulted his physician.

On February 27, 1979, pursuant to appellee's claim for benefits, the Administrative Law Judge found that appellee's injury of August 30, 1976, was an aggravation of the 1974 injury; that appellee had sustained a permanent partial disability of 20% to the body as a whole, as a result of the 1974 and 1976 injuries; and that the 5% rating previously awarded for the 1974 injury when taken into consideration, entitles the appellee to a 15% rating for the 1976 disability.

On October 22, 1979, the Full Commission adopted the holding of the Administrative Law Judge as its own.

Appellant argues that the 1976 injury was not an aggravation of the 1974 injury, but on the contrary, was a recurrence of the 1974 injury and, consequently, Granite State Insurance Company is liable for the additional award of 15%. On the other hand, Granite State argues that the 1976 injury was either a new injury or an aggravation of a pre-existing condition, thus, appellant is liable for the additional award.

The issue tendered is whether the holding of the Commission that appellee's 1976 injury was an aggravation of a pre-existing condition is supported by substantial evidence.

We hold that the decision is supported by substantial evidence and, accordingly, we affirm.

The medical report of Dr. Charles W. Kelley, claimant's physician, dated October 19, 1978, states:

"The estimated permanent partial disability to the body as a whole for Mr. Caswell's 1974 injury was 5 (five) percent. Estimated permanent partial disability to the body as a whole for Mr. Caswell's 1976 injury was 5 (five) per cent based on January 1978 report. (Total disability of 10%). *Since May, 1978, his condition has deteriorated and I estimate his permanent disability at 15 to 20% total.* (Emphasis added)

The claimant gave the following testimony in describing his condition after he had returned to work following his 1974 injury:

Q. Did your condition ever get better or mitigate?
A. Yes, sir, it did.
Q. How much better did it get?
A. Well, *it never did quit hurting,* but it was a lot better than what it was when it first happened. . . .

The medical report of Dr. Kelley dated August 30, 1976, in giving the history of claimant's 1976 injury, provides:

"5. State in patient's own words where and how accident occurred: 'Hurt my back again yesterday picking up heavy equipment.' "

Appellant contends that the evidence is insufficient to support the Commission's finding that the 1976 injury was an aggravation of a pre-existing injury since appellee never returned to the position of equipment operator, the job he held at the time of the 1974 injury, because he never fully recovered from that injury, that appellee continued to see his physician on the average of three to four times a year, wore a back brace, took pills constantly and could do no lifting, stooping, squatting or bending; and that it is clear from the evidence that the 1976 injury was a recurrence, instead of a

new injury or an aggravation, of the 1974 injury. Appellant argues that while the medical report of Dr. Kelley dated August 30, 1976, reflects a statement from appellee to the effect that he hurt his back by lifting equipment, the claimant testified that he did not lift any equipment, but simply placed his hands on a piece of equipment that was being lifted by two fellow-employees and he was simply balancing the equipment and not doing any lifting at all.

It is settled law that the Workers' Compensation Commission, as the fact finder, has the responsibility to reconcile conflicts in the evidence offered in proceedings before it. It is not within the province of this Court to substitute its judgment for that of the Commission even if we were persuaded that the evidence justifies a conclusion different from that of the Commission. Our limited responsibility is to determine if there is substantial evidence in the record to support the holding of the Commission. *Stephens & Stephens* v. *Logan*, 260 Ark. 78, 538 S.W. 2d 516 (1976). Moreover, in testing the sufficiency of the evidence on appeal, the appellate court views the evidence in the light most favorable to the Commission's finding and affirms where any substantial evidence exists to support its action. *Westark Specialties, Inc.* v. *Lindsey*, 259 Ark. 351, 532 S.W. 2d 757 (1976).

After carefully reviewing this record, we are unable to say that the decision of the Commission is not supported by substantial evidence.

Affirmed.