Hazel BURKS, Widow of Harry BURKS *v.* ANTHONY
TIMBERLANDS, INC.

CA 86-348                                    727 S.W.2d 388

Court of Appeals of Arkansas
Division I
Opinion delivered April 15, 1987

2

*Quiggle and Thompson*, by: *Morris W. Thompson* and *Reginald A. Rogers*, for appellant.

*Bridges, Young, Matthews, Holmes & Drake*, by: *Michael J. Dennis*, for appellee.

DONALD L. CORBIN, Chief Judge. This appeal comes to us from the Workers' Compensation Commission. Appellant, Hazel Burks, the widow of the deceased employee, Harry Burks, appeals the decision of the full Commission denying her death benefits. We affirm.

Mr. Burks was employed by appellee, Anthony Timberlands, on April 19, 1984, when he was shot by a fellow employee, Frank Bailey. Bailey was convicted of first degree murder and sentenced to twenty years in the Arkansas Department of Correction. Appellant brought this claim against appellee for

death benefits asserting that the argument between Burks and Bailey arose in the course of Burks's employment and was a result of his employment.

The evidence showed that Burks and Bailey argued during work on April 19, 1984. There was testimony that a brief struggle of sorts ensued and Bailey subsequently left work before quitting time. Approximately 3 hours later, Bailey met Burks away from the work place after both men had left work and shot him. A witness to the shooting testified that he did not hear the words spoken and could only say that one of the men raised his hands as if he was pleading for his life but the other man shot him anyway. There was also testimony that the two men had a confrontation at work that day after Bailey failed to immediately shut down an assembly line upon Burks's request. A witness heard Bailey tell Burks that he had not heard Burks's request. While the witnesses were able to tell by mannerisms and facial expressions that the two men were arguing, they could not hear the actual words that were spoken. One of the witnesses said that Burks "had his arm extended toward Bailey, which Bailey tried to ward off." Bailey then left, telling a supervisor that he was resigning because Burks had hit him.

The Administrative Law Judge found that appellant failed to show by a preponderance of the evidence that Burks's death arose in the course of his employment. Appellant appealed to the Commission. The full Commission affirmed the decision of the Administrative Law Judge, without dissent, and held that appellant failed to prove her contention that Burks's death arose out of his employment. The Commission concluded as follows:

> We do not know whether Bailey shot Burks because he was angry about being asked to shut down the line, because Burks allegedly cursed and/or struck him (or attempted to), or because of some personal reason having no connection with the employment. Rather, we can only find from the testimony that Bailey and Burks had words after Burks wanted the line shut down and Bailey delayed in doing so. Following this confrontation, we know that Bailey left the job and that he apparently went home and fetched his shotgun, taking it to the location where he encountered Burks on the latter's way home. We do not know what was

said during the second confrontation or why Bailey shot Burks. Only Frank Bailey can explain his reasons for killing Burks, and no effort was made to obtain his testimony in person or by deposition.

To surmise that the slaying was employment-related, even though no one heard the words of either quarrel, would be to engage in conjecture or speculation. Conjecture and speculation, no matter how plausible, cannot supply the place of proof. *Dena Construction Co.* v. *Herndon*, 264 Ark. 791, 575 S.W.2d 155 (1979).

Appellant argues two points for reversal: (1) The Commission erred in its analysis of the evidence establishing the causal relationship of the decedent to his job, and (2) the claim is compensable under the positional risk doctrine.

■■ The Arkansas Supreme Court has dealt with the question of whether causal connection with the employment may be shown by connecting with the employment the subject matter of the dispute leading to the assault in the case of *Westark Specialities, Inc.* v. *Lindsey*, 259 Ark. 351, 532 S.W.2d 757 (1976). In *Westark* the court held that injuries resulting from an assault are compensable where the assault is causally related to the employment, but that such injuries are not compensable where the assault arises out of purely personal reasons. The court quoted 1 Larson, *The Law of Workmen's Compensation* § 11, and held that assaults arise out of the employment either if the risk of assault is increased by the nature or the setting of the work, or if the reason for the assault was a quarrel having its origin in work, and a causal connection with the employment may be shown by connecting the subject matter of the dispute leading to the assault with the employment. *Westark*, 259 Ark. at 353, 532 S.W.2d at 759.

■ The burden is upon the claimant to prove that the injury arose in the course of the employment and additionally, that it grew out of or resulted from the employment. *Bagwell* v. *Falcon Jet Corp.*, 8 Ark. App. 192, 649 S.W.2d 841 (1983). On appeal the evidence is viewed in the light most favorable to the finding of the Commission and is given its strongest probative value in favor of its order. The issue is not whether the evidence would support a contrary finding. The extent of our inquiry is to

determine if the finding of the Commission is supported by substantial evidence and even where a preponderance of the evidence might indicate a contrary result we will affirm if reasonable minds could reach the Commission's conclusion. It is also well settled that the Commission is better equipped by specialization, insight, and experience to translate, analyze, and determine issues and to translate evidence into findings of fact. *Ridgeway Pulpwood* v. *Baker*, 7 Ark. App. 214, 646 S.W.2d 711 (1983).

In *Westark* the Commission found that the claimant's injury was compensable and the Arkansas Supreme Court affirmed. In that case two of the claimant's co-employees, Brown and Yutterman, were observed in an argument by their foreman. Brown was fired by the foreman. After being discharged, Brown waited outside the building for Yutterman to get off work and then asked him "why he had gotten him fired." An argument ensued between them. The claimant and his uncle had walked to the uncle's car where it was parked on a lot, adjacent to the building, regularly used and made available to the employees. They got into the car and were endorsing their pay checks when the claimant unexpectedly suffered a bullet wound to one of his eyes from a gun fired by Brown. The claimant and his uncle testified that as they sat in the car endorsing their checks they observed Brown and Yutterman standing by the corner of the building engaged in an argument. The uncle testified that Brown had a gun pointed toward Yutterman's head. Yutterman slapped at Brown and then the uncle heard the gun fire. The bullet hit his car and he heard the claimant exclaim that he was hit in the eye. The court found that there was substantial evidence that the claimant's injury was the result of a work-related quarrel arising out of and causally related to his employment.

In the case at bar the testimony concerning the subject matter of the dispute was from witnesses who saw the arguments, but who did not hear what was said during those arguments. The shooting did not occur immediately during the on-the-job argument but occurred after work and off the employer's premises. There was testimony that there was another argument at the time of the shooting, yet there was no testimony concerning the subject matter of that argument.

■ The Commission found that appellant did not establish that the death arose out of the course of the employment and we find that there is substantial evidence to support that finding. The claimant has the burden of proving that the injury arose out of the course of the employment and appellant did not meet this burden.

■ The positional risk argument made by appellant has no merit. Larson's treatise explains that the theory behind this risk is that when one finds himself at the scene of an accident, not because he voluntarily appeared there but because his employer required him to be there, the injuries he may suffer by reason of such accident "arise out of the course of the employment, if it be that he was employed and his employment required him to be at the place of the accident when the accident occurred." 1 A. Larson, *The Law of Workmen's Compensation* § 10.22 (1986). This theory is not applicable here because the risk the decedent was exposed to was neither neutral nor did the shooting occur at a place the employer required the decedent to be. *See Adkins* v. *Teledyne Exploration Co.*, 8 Ark. App. 342, 652 S.W.2d 55 (1983); 1 Larson, *The Law of Workmen's Compensation*, § 6.50 (1986). Therefore, we find no merit in appellant's second argument for reversal.

For the reasons stated above we affirm the decision of the Commission.

Affirmed.

JENNINGS and COULSON, JJ., agree.