Janie M. PIGG *v.* AUTO SHACK

CA 88-279                                          766 S.W.2d 36

Court of Appeals of Arkansas
Division II
Opinion delivered March 1, 1989

*Gary Eubanks & Associates*, by: *James Gerald Schulze*, for appellant.

*David Hodges*, for appellee.

JAMES R. COOPER, Judge. In this appeal from the Workers' Compensation Commission the appellant, Janie M. Pigg, contends that the Commission erred in denying her benefits. We affirm.

The facts are not in dispute. Mrs. Pigg was employed by Auto Shack and was in a management training position. On November 10, 1985, two women and a man entered the Auto Shack store and began arguing with the store's assistant manager, Mike Ernst. One of the women was Ernst's estranged wife and the other two were her relatives.

Mrs. Pigg testified that while the argument was occurring, she was working the cash register and that she did not speak to any of the people. When Mrs. Ernst began getting loud and knocking things off the shelves, Mr. Ernst yelled for someone to call the police. At that point, the man pointed to Mrs. Pigg and stated that she was the one who had come to Russellville.

Mr. Ernst testified that he and his wife had separated and that shortly before the assault at Auto Shack, he asked Mrs. Pigg if she would go to Russellville with him to pick up his daughter. After conferring with her husband, Mrs. Pigg agreed to go on the condition that she would wait in the car. Mrs. Pigg testified that she had seen the man who pointed her out in Auto Shack when she

accompanied Mr. Ernst to Russellville.

After the man identified Mrs. Pigg, one of the women came through an opening in the counter and pulled Mrs. Pigg's hair with enough force to pull her to the floor. Mrs. Pigg stated that the next thing she knew she was on the floor and was being hit and kicked by Mrs. Ernst and her two relatives.

As a result of the assault, Mrs. Pigg was injured, incurred medical expenses, and she filed a claim for benefits with the Workers' Compensation Commission. The administrative law judge found that her injuries did not arise out of or in the course of her employment, and that the assault was personal. The full Commission concurred and adopted the opinion of the administrative law judge. On appeal, the appellant does not contend that her injuries arose out of her employment. She argues that the Commission should have awarded her benefits by applying the "positional risk" doctrine, because she would not have been assaulted had she not been at work.

In the case of assaults, the general rule is that injuries resulting from an assault are compensable where the assault is causally related to the employment, but such injuries are not compensable when the assault arises out of purely personal reasons. *Burks* v. *Anthony Timberlands, Inc.*, 21 Ark. App. 1, 727 S.W.2d 388 (1987). A case in which an assault was found to be compensable is *Townsend Paneling, Inc.* v. *Butler*, 247 Ark. 818, 448 S.W.2d 347 (1969). In that case, Butler refused to wager with a co-worker that the co-worker had at least $3.00 of change in his pocket, and Butler indicated that he wanted to work. The co-worker walked off, returned, and hit Butler on the side of the face with an oak board. Citing the general rule, the Supreme Court affirmed the Commission's award of compensation. The court held that the sole reason for the assault was Butler's refusal to depart from his duties and therefore, the assault was held to be causally related to the employment.

A claimant before the Workers' Compensation Commission must prove that the injury sustained was the result of an accident arising out of and in the course of employment, *J & G. Cabinets* v. *Hennington*, 269 Ark. 789, 600 S.W.2d 916 (Ark. App. 1980), but the positional risk doctrine provides a method of satisfying the "in the course of" requirement where the source of

the injury is *unexplained. Bagwell* v. *Falcon Jet Corp.*, 8 Ark. App. 192, 649 S.W.2d 841 (1983) (Cooper, J., concurring).

> An important and growing number of courts are accepting the full implications of the positional risk test: An injury *arises out of* the employment if it would not have occurred *but for* the fact that the conditions and obligations of the employment placed claimant in the position where he was injured. . . . This theory supports compensation, for example, in cases of stray bullets, roving lunatics, and other situations in which the only connection of the employment with the injury is that its obligations placed the employee in the particular place at the particular time when he was injured by some neutral force, meaning by "neutral" neither personal to the claimant nor distinctly associated with the employment.

1 Larson, *Workmen's Compensation Law*, § 6.50 (1985) (emphasis in original).

■ The doctrine does not provide a new ground for recovery, but allows a presumption to arise in favor of compensation where the accident causing the injury was unexplainable. For example, in *Parrish Esso Service Center* v. *Adams*, 237 Ark. 560, 374 S.W.2d 468 (1964), the claimant was at work when a storm arose and the gas station lost electricity. While securing a sign outside, a gust of wind picked the claimant up, carried him 75 feet and dropped him on a concrete apron. Although the court did not use the words "positional risk" doctrine in awarding benefits, *Parrish* represents the type of fact situation where the presumption arises.

■■ In the cases of assaults, the positional risk doctrine applies only when the risk is neutral. 1 Larson, *Workmen's Compensation Law*, §11.21. Neutral means that the risk which caused the injury was neither personal to the claimant nor distinctly associated with the employment. *Adkins* v. *Teledyne, Exploration Co.*, 8 Ark. App. 342, 652 S.W.2d 55 (1983). In other words, before the doctrine will be applied there must be no evidence that the assault was personal and no evidence that the assault was work related. *See, Morris* v. *Soloway*, 170 Mich. App. 312, 428 N.W.2d 43 (1988); *Chala* v. *OK Tire Store*, 112 Idaho 1020, 739 P.2d 319 (1987); *Devault* v. *General Motors*

*Co.*, 149 Mich. App. 765, 386 N.W.2d 671 (1986).

In the case at bar, the positional risk doctrine clearly cannot apply because there was evidence from which the fact finder could find that the assault committed on the appellant was personal in origin. Therefore, we affirm the Commission's denial of benefits.

Affirmed.

CORBIN, C.J., and ROGERS, J., agree.