SAN ANTONIO SHOES and Kemper Insurance Company
*v.* Kerry W. BEATY

CA 88-356                                771 S.W.2d 802

Court of Appeals of Arkansas
Division II
Opinion delivered June 21, 1989

*Wright, Lindsey & Jennings*, for appellant.

*Jesse W. Thompson*, for appellee.

JOHN E. JENNINGS, Judge. This is a workers' compensation case. On March 20, 1987, the claimant, Kerry Beaty, sustained a broken ankle when Steve Jackson, the ex-husband of claimant's co-worker, Janet Jackson, slammed a car door on the claimant's leg in the parking lot of the claimant's place of work for San Antonio Shoes. The issue on appeal is whether the Commission's finding that the injury arose out of and in course of employment is supported by substantial evidence. We think it was and affirm.

Beaty had been employed at San Antonio Shoes for about three and one-half years. He and Keith Blocker were "latchers." Beaty's wife also worked at the plant. Janet Jackson and a number of other ladies were "cementers." In constructing a pair of shoes, cementers first cement the leather, and it then goes to the latchers to be stitched together.

Around January 1, 1987, the process used in "latching" shoes changed, which resulted in a pay raise for the latchers.

There was no corresponding increase for the cementers. Sometime in mid-February 1987, the cementers began complaining about how much Beaty and Blocker were making. Beaty testified that "ever since then" the cementers had been hostile toward them. He said that if they talked to him at all it would be only to say something "hateful," and that they began to pick on his wife. Beaty testified that before the pay dispute, the relationship between the cementers and latchers had been good, and that he had never had any problem with Janet Jackson, whom he had known for three and one-half years, or with Steve Jackson, whom he had known for two years.

On March 19, 1987, the day before the incident, Beaty and his wife were getting ready to clock out and as they walked by the cementers they all started "barking at [Mrs. Beaty] like a dog." The next day as Beaty and his wife were going into work, Ms. Jackson said, "There's the dog f——r," referring to Mrs. Beaty. According to Beaty, he just went on to work. Later that day when Ms. Jackson said, "Your wife's a bitch, and you are a son-of-a-bitch," Beaty said, "Y'all just go to hell," and walked away.

When Beaty left work that afternoon he was met in the parking lot by Steve Jackson and, in the ensuing altercation, Jackson slammed a car door on Beaty's foot, breaking his ankle. Beaty testified that Jackson said, "You don't cuss at my wife." Beaty also testified that the cementers were mad at him because he made more than they did and that they said they were going to do something about it.

■ The general rule applicable here has been restated several times. Injuries resulting from an assault are compensable where the assault is causally related to the employment, but such injuries are not compensable where the assault arises out of purely personal reasons. *See e.g., Daggs* v. *Garrison Furniture Co.*, 250 Ark. 197, 464 S.W.2d 593 (1971); *Townsend Paneling* v. *Butler*, 247 Ark. 818, 448 S.W.2d 347 (1969); *Bagwell* v. *Falcon Jet Corporation*, 8 Ark. App. 192, 649 S.W.2d 841 (1983).

■ In *Westark Specialties et al.* v. *Lindsey*, 259 Ark. 351, 353, 532 S.W.2d 757, 759 (1976), the supreme court quoted Larson with approval:

Assaults arise out of the employment either if the risk of assault is increased by the nature or setting of the work, *or if the reason for the assault was a quarrel having its origin in* [the] *work.* (Emphasis in *Lindsey.*)

1 A. Larson, *The Law of Workmen's Compensation* § 11 (1972).

■ The court also said that a "causal connection with the employment may be shown by connecting with the employment the subject matter of the dispute leading to the assault." 259 Ark. at 353, 532 S.W.2d at 759.

■ Clearly the question whether there was a causal connection between the assault and the claimant's employment is one of fact for the Commission. *Bagwell, supra.* When we review findings of fact made by the Commission, we must view the evidence in the light most favorable to those findings and give the testimony its strongest probative force in favor of the Commission's action. *See McCollum* v. *Rogers,* 238 Ark. 499, 382 S.W.2d 892 (1964). The question is not whether the evidence would have supported findings contrary to the ones made by the Commission, but whether the evidence supports the findings actually made. *Massey Ferguson, Inc.* v. *Flenoy,* 270 Ark. 126, 603 S.W.2d 463 (1980). We will reverse the Commission's decision on an issue of fact only if it is not supported by substantial evidence. *Linthicum* v. *Mar-Bax Shirt Co.,* 23 Ark. App. 26, 741 S.W.2d 275 (1987). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *College Club Dairy* v. *Carr,* 25 Ark. App. 215, 756 S.W.2d 128 (1988). In the case at bar, we hold that the Commission's finding of a causal relation between the injury and the employment is supported by substantial evidence.

■ Appellant directs us to our language in *Bagwell:*

*Foster* holds no more than the mere fact that an assault that occurs on an employer's parking lot or in close proximity to his place of employment does not, standing alone, establish a causal connection which cannot be supplied by speculation. There must be affirmative proof of a distinct employment risk as the cause of the injury.

*Bagwell* v. *Falcon Jet Corporation,* 8 Ark. App. at 197, 649 S.W.2d at 843. It is true that, in this kind of case, there must be a

showing that the risk of assault is increased by the nature or the setting of the work, *unless* there is proof that the reason for the assault was a quarrel having its origin in the work. *See Westark Specialties et al.* v. *Lindsey*, 259 Ark. 351, 532 S.W.2d 757 (1976). In the case at bar, because there is such evidence, the issue of "employment risk" is not involved. We note too that the doctrine of "positional risk," discussed in *Pigg* v. *Auto Shack*, 27 Ark. App. 42, 766 S.W.2d 42 (1989), is inapplicable to the case at bar. That doctrine is analogous to the doctrine of *res ipsa loquitur* and is applicable only when the injury is unexplained.

Appellant relies on *Chase* v. *White Elephant Restaurant*, 418 A.2d 175 (Me. 1980). The facts in *Chase* bear a marked similarity to those in the case at bar. Chase was a short order cook at the White Elephant Restaurant in Bangor, Maine. Chase and a waitress, Mrs. Blanchard, got into an argument over whether Mrs. Blanchard should use a pen or pencil in writing down her orders. In the course of the argument Chase used abusive language toward Mrs. Blanchard who left the restaurant and went home. A few minutes later Mr. Blanchard appeared, walked into the kitchen and said, "don't ever say what you said to my wife." Chase injured his back in the ensuing scuffle.

The Maine Workers' Compensation Commission found that the injury did not arise out of or in the course of Chase's employment. The Maine Supreme Court merely held that the Commission's decision on this question of fact was not "clearly erroneous." 418 A.2d at 177.

In the course of the opinion, the Maine Supreme Court said:

> At the very least then, for the injury to have arisen out of the employment, the conditions of the worker's employment must contribute to the creation of an environment in which the potential of an assault is reasonably foreseeable.

418 A.2d at 176.

It is doubtful that this statement remains law in Maine, because in *Comeau* v. *Maine Coastal Services*, 449 A.2d 362 (Me. 1982), the court noted that the tort concept of foreseeability is not an aspect of the compensation law requirement of "arising out of" because culpability is not an issue. *See Comeau*, 449 A.2d at 366, citing 1 A.E. Larson, *Workmen's*

*Compensation Law*, § 6.60. More to the point, the concept of foreseeability is not a part of the causal connection requirement in workers' compensation cases in this state. In *Simmons National Bank* v. *Brown*, 210 Ark. 311, 195 S.W.2d 539 (1946), the court said, "While there must be some causal relation between the employment and the injury, it is not necessary that the injury be one which ought to have been foreseen or expected." 210 Ark. at 317, 195 S.W.2d at 542. In the case at bar, neither fault on the employer's part, nor the foreseeability of this injury, are at issue — both are immaterial.

Appellant suggests that the injury should not be compensable because the assault was by a non-employee. While we agree that this is a factor to be considered in determining whether there is a causal relation between the employment and the injury, we see no reason to hold that it bars a finding of the existence of that relation.

Our conclusion is that the Commission's finding that the claimant's injury arose out of and in the course of his employment is supported by substantial evidence.

Affirmed.

CORBIN, C.J., and MAYFIELD, J., agree.