Terry BRYAN *v.* BEST WESTERN/COACHMAN'S INN

CA 93-1153                                              885 S.W.2d 28

Court of Appeals of Arkansas
En Banc
Opinion delivered October 19, 1994
[Rehearing denied November 9, 1994.*]

---

*Cooper and Robbins, JJ., would grant rehearing.

*Dowd, Harrelson, Moore & Giles*, by: *Greg R. Giles*, for appellant.

*Atchley, Russell, Waldrop & Hlavinka*, by: *Howard Mowery*, for appellant.

JOHN E. JENNINGS, Chief Judge. Terry Bryan was employed as a maintenance worker and security guard for the Best Western Inn in Magnolia. It is undisputed that he injured the anterior cruciate ligament in his knee while at work on April 6, 1992. The issue before the Commission was whether the injury was compensable. An administrative law judge held that it was and the Commission held that it was not. We reverse the Commission's decision and remand.

At the hearing before the administrative law judge claimant contended that he hurt his knee when he fell while moving a rollaway bed. Soon after the claimant moved the rollaway bed, he got into a fight with a Mr. Robert Ellis. The appellee, Best Western/Coachman's Inn, contended that claimant's knee was injured in the fight with Ellis.

After hearing the evidence the administrative law judge stated:

Although there were numerous inconsistencies in the testimony, I found the claimant to be a credible witness. I conclude that he has shown by a preponderance of the evidence that his knee injury occurred during the bed moving incident.

Even if the respondent had been correct in his contention that the injury resulted from the altercation, I would conclude that the altercation resulted from the failure of Mr. Ellis to vacate the premises as requested by the claimant. It appears therefore that a causal connection existed between the claimant's employment and the altercation since he was in the performance of his security duties as instructed by his employer.

In reversing the law judge's decision the Commission stated:

After reviewing the evidence in this case impartially, without giving the benefit of the doubt to either party, we find that claimant has failed to meet his burden of proof. In our opinion, respondent is correct in arguing that the claimant did not injure his knee while pushing the rollaway bed across the parking lot but rather injured his knee in a fight with a third party on the night of April 6, 1992. Claimant now argues on appeal that even if he injured his knee during a fight that it would still be compensable. We disagree.

While Robert Ellis was not supposed to be on the premises at that time, the altercation between Ellis and the claimant clearly was the result of personal animosity between the two involving claimant's failure to reimburse Ellis' girlfriend for the use of her car. The altercation did not relate to the claimant's employment. Even the claimant believed the altercation was personal in nature since he did not report it to his supervisor. During his deposition, claimant admitted that he did not report the altercation to his supervisor because it was personal in nature and not related to his employment with respondent.

The claimant first argues that the Commission's finding that he hurt his knee in the fight rather than in moving the rollaway bed is not supported by substantial evidence. We dis-

agree. This was purely a question of fact. The Commission was not obliged to believe the testimony of the claimant nor to credit the history he gave to his doctors. *See Roberts* v. *Leo Levi Hospital*, 8 Ark. App. 184, 649 S.W.2d 402 (1983). Furthermore, the Commission is not required to consider the credibility findings of the law judge who actually saw and heard the witnesses testify. *Linthicum* v. *Mar-Bax Shirt Co.*, 23 Ark. App. 26, 741 S.W.2d 275 (1987).

Appellant also argues, however, that even if his injuries occurred during the fight with Ellis they were compensable. We agree.

██ In order to be compensable an injury must arise out of and occur in the course of the claimant's employment. *See* § 11-9-102(4) (1987). There is no dispute that the injury here occurred while the claimant was in the "course of his employment." The issue is whether it arose out of his employment. The legal principle involved here is that an assault arises out of the employment either if the risk of assault is increased by the nature or setting of the work, *or* if the reason for the assault was a quarrel having its origin in the work. *Westark Specialties, Inc.* v. *Lindsey*, 259 Ark. 351, 532 S.W.2d 757 (1976); *San Antonio Shoes* v. *Beaty*, 28 Ark. App. 201, 771 S.W.2d 802 (1989); 1 Arthur Larson, *The Law of Workmen's Compensation* § 11 (1993). In the case at bar the Commission found that the origin of the quarrel between the claimant and Ellis was personal in nature. On this record that finding of fact is supported by substantial evidence, but regardless of the origin of the quarrel the injury resulting from the assault is compensable if the risk of assault is increased by the nature of the work. *See Westark Specialties, Inc.* v. *Lindsey*, 259 Ark. 351, 532 S.W.2d 757 (1976). The test is an alternative one and the satisfaction of either condition will render injuries received as the result of an assault compensable.

██ Here the Commission found that "the altercation did not relate to the claimant's employment." This finding is not supported by substantial evidence. There is no dispute as to the critical facts. The "origin of the quarrel" between the claimant, Bryan, and Robert Ellis was a dispute about whether Bryan was obliged to pay Fannie Timmons for borrowing her car. Ms. Timmons was a night clerk at the motel and Ellis's girlfriend. On

the evening of April 6, 1992, Bryan was in a service closet looking for a pillow when Ellis appeared. They had a discussion about Fannie Timmons. According to Bryan he told Ellis to leave the property, that he was trespassing, and that Bryan was going to call the police if he did not leave the closet. According to Ellis, Bryan told him that he had "better leave or he was going to call the law on him." The fight ensued.

Hubert Sullivan, the owner of the motel, testified that Mr. Bryan had security duties, and that he had instructed Bryan that if Mr. Ellis was seen on the property he would be trespassing and Bryan was to tell him to leave. He also testified that if Bryan observed a disturbance of some sort, he "was to try and handle that problem."

In this case it is clear that the risk of assault was increased by the nature of the claimant's work. The Commission's opinion does not display a substantial basis for the denial of compensability. *Shaw* v. *Commercial Refrigeration*, 36 Ark. App. 76, 818 S.W.2d 589 (1991).

Reversed and Remanded.

MAYFIELD, J., concurs.

ROBBINS and COOPER, JJ., dissent.

MELVIN MAYFIELD, Judge, concurring. I concur in the majority opinion allowing compensation to the appellant. I would point out, however, that the statement from 1 Larson, *The Law of Workmen's Compensation* § 11.00 (1993), cited in the majority opinion and quoted in the dissenting opinion, is not all that Larson has to say on the subject. The quote, which was also relied upon in *Westark Specialties, Inc.* v. *Lindsey*, 259 Ark. 351, 532 S.W.2d 757 (1976), appears in section 11.00, but Larson's treatise also contains a number of subsections which more fully discuss the summary statement in section 11.00.

Subsection 11.11 discusses "increased risk due to nature of job," and section 11.11(a) states "every jurisdiction now accepts, at the minimum, the principle that a harm is compensable if its risk is increased by the employment" and "among the particular jobs that have, for self-evident reasons, been held to subject an employee to a special risk of assault are those jobs that have to

do with keeping the peace or guarding property . . . ." *Id.* at 3-178, 3-179.

Since it is admitted by the motel owner that he had instructed the appellant to tell Mr. Ellis to leave if he was seen on the property, and Mr. Ellis admitted that the appellant told him to leave or the appellant would "call the law on him," I think it is clear that the appellant's risk for harm from Mr. Ellis was increased by appellant's employment and under Larson's rationale the appellant is entitled to compensation.

Therefore, I agree with the majority opinion.

JOHN ROBBINS, Judge, dissenting. Appellant-employee Terry Bryan was involved in a quarrel with the desk clerk at the motel where they were employed. The dispute was over a purely personal matter, unconnected with their work. The desk clerk's boyfriend took offense at some of the things Bryan said to the desk clerk and confronted Bryan at the motel. The confrontation resulted in a fight and Bryan was injured. The majority holds that even though the Commission could find, as it did, that the altercation in which appellant was injured was personal in nature, the Commission's further finding that it "did not relate to appellant's employment" is not supported by substantial evidence. I respectfully dissent.

The error which I believe is made by the majority today arises from its misapplication of the law pertaining to the compensability of an injury received by an employee in an assault. Confusion over the applicable legal principle is understandable; not because we and the supreme court have been inconsistent in our articulation of the rule, but rather because we have been fairly consistent in articulating two somewhat different statements of this legal principle in the same opinion. *Westark Specialties, Inc.* v. *Lindsey,* 259 Ark. 351, 532 S.W.2d 757 (1976); *Welch's Laundry and Cleaners* v. *Clark,* 38 Ark. App. 223, 832 S.W.2d 283 (1992); *San Antonio Shoes* v. *Beaty,* 28 Ark. App. 201, 771 S.W.2d 802 (1989); *Burks* v. *Anthony Timberlands, Inc.* 21 Ark. App. 1, 727 S.W.2d 388 (1987).

The first of these statements, which I will refer to as assault principle #1, is credited to Professor Larson from 1 Larson, *The Law of Workman's Compensation* § 11 (1993), for the principle that:

Assaults arise out of the employment either if the risk of assault is increased by the nature or setting of the work, or if the reason for the assault was a quarrel having its origin in the work.

*Westark Specialties, Inc.* v. *Lindsey*, 259 Ark. at 353.

The other expression of the principle, which I will refer to as assault principle #2, is as follows:

The general rule applicable here has been restated several times. Injuries resulting from an assault are compensable where the assault is causally related to the employment, but such injuries are not compensable where the assault arises out of purely personal reasons. *See e.g., Daggs* v. *Garrison Furniture Co.*, 250 Ark. 197, 464 S.W.2d 593 (1971); *Townsend Paneling* v. *Butler*, 247 Ark. 818, 448 S.W.2d 347 (1969); *Bagwell* v. *Falcon Jet Corporation*, 8 Ark. App. 192, 649 S.W.2d 841 (1983).

*San Antonio Shoes* v. *Beaty*, 28 Ark. App. at 203. *And see Pigg* v. *Auto Shack*, 27 Ark. App. 42, 44, 766 S.W.2d 36 (1989). Of these two statements of the applicable rule, the majority chose to rely upon assault principle #1 without mention of assault principle #2, even though both expressions were set forth in our two most recent cases in this area. *Welch's Laundry and Cleaners* v. *Clark, supra*; *San Antonio Shoes* v. *Beaty, supra.* Clearly, assault principle #2 would bar recovery by the appellant because his injuries resulted from an assault which arose out of purely personal reasons.

I am of the opinion that these two statements of the law are, and certainly should be, reconcilable. Any apparent inconsistency between them can be remedied by simply recognizing that the reference to an increased risk of assault in assault principle #1 means that the risk of "this sort of" assault, or an assault "of this nature," is increased by the nature or setting of the work. Assault principle #1 could then be expressed as follows:

Assaults arise out of the employment either if the risk of *this sort of* assault is increased by the nature or setting of the work, or if the reason for the assault was a quarrel having its origin in the work.

By implication, the majority has erroneously applied this principle as if the adjective "any" preceded the word "assault," i.e.:

> Assaults arise out of the employment either if the rise of *any* assault is increased by the nature or setting of the work, or if the reason for the assault having its origin in the work.

The interpretation which I submit is the correct one would leave injuries from assaults arising out of purely personal reasons non-compensable and be perfectly consistent with assault principle #2.

The majority has found as a matter of fact that appellant's security guard responsibilities increased his risk of being assaulted. Assuming there is a basis for this "fact," although the Commission made no such finding, the majority then imposes workers' compensation liability on the employer without regard to the reason for or nature of the assault on the appellant-employee. The majority imposes this responsibility even though the assault was purely personal. This is unnecessary and clearly outside the purpose of the workers' compensation law to provide benefits for an employee's injury "arising out of . . . employment." Ark. Code Ann. § 11-9-401(a)(1) (Supp. 1993).

The fallacy of the majority's position can be illustrated by altering the facts of the case at bar in only one respect. Assume that, as a result of the quarrel between the security guard Terry Bryan and the desk clerk, it was not the desk clerk's boyfriend who assaulted the security guard, but was rather the security guard's girlfriend who assaulted the desk clerk. Because the risk of assault is not increased by the nature of a desk clerk's work, her injuries would not be compensable. It would be inequitable and illogical to treat these two employees differently.

To further illustrate the absurd consequence which could result from the majority's holding, assume that while on duty a police officer is assaulted by his/her spouse as a result of a purely personal, domestic quarrel which occurred a few hours earlier. Because the nature of a police officer's work exposes the officer to an increased risk of assault, an application of the majority's rationale would require the officer's injuries to be compensable.

The Commission's finding that the assault resulting in appellant's injuries arose out of a purely personal quarrel is supported

by substantial evidence. Although the majority agrees on this point it needlessly extends coverage to assault injuries which could not have been within the contemplation of the legislature when the workers' compensation law was enacted. I submit that neither a security guard nor a police officer is exposed, because of the nature of his or her work, to a greater risk of an assault arising out of a purely personal dispute.

I would affirm the Commission's decision.

COOPER, J., joins in this dissent.