2011 Ark. App. 450

**ODD JOBS & MORE and NATION-
WIDE INSURANCE COMPA-
NY, Appellants**

v.

**Rosewell REID, Appellee.**

**No. CA 10–1234.**

Court of Appeals of Arkansas.

June 22, 2011.

Rehearing Denied July 27, 2011.

Randy Phillip Murphy, Little Rock, for appellants.

Zan Davis, Little Rock, for appellee.

ROBIN F. WYNNE, Judge.

Odd Jobs & More and Nationwide Insurance Company appeal from a decision of the Workers' Compensation Commission in which the Commission awarded benefits to Rosewell Reid for injuries to it determined were compensable. On appeal, appellants argue that the Commission erred in determining that an assault by a third party upon Mr. Reid was compensable. We affirm the decision of the Commission.

Mr. Reid sustained injuries after he was attacked by a third-party assailant while working in an apartment at the Chateau Deville Apartments in Little Rock. At the time he sustained his injuries, Mr. Reid worked as a painter for Odd Jobs & More. A hearing was held before an administrative law judge to contest the compensability of Mr. Reid's injuries. At the hearing, Mr. Reid testified that he was inside the apartment, inspecting a water leak, on June 4, 2009, when someone came up behind him and hit him in the head. The last thing Mr. Reid remembered of that day was telling a woman outside of the apartment to call an ambulance. The assailant took thirty-six dollars and a cell phone from him. He sustained injuries to his skull that resulted in the loss of a portion of his skull. Mr. Reid testified that since the incident he has lost strength in his arms and his left foot. On a typical day, he exercises and sits around watching television. He maintained that he is not capable of performing house or yard work.

Lois Reid, Mr. Reid's wife, testified that she has to do everything for him due to his injuries. Mr. Reid stated that the Chateau Deville Apartments are located in a rough neighborhood and that he had been "going over there for a lot of years" painting apartments. Mr. Reid testified that he had seen fights at the apartments. He denied feeling like he was being placed at risk while working at the apartments. William Mourot, the owner of Odd Jobs & More, testified that the company had been painting at the apartment complex for thirty years and that Mr. Reid worked for him for twenty years. Mr. Mourot denied having any problems with violence at the apartments. He further stated that he never felt like any of his employees were placed at any increased risk while working at the complex and that he did not recall Mr. Reid ever expressing concern for his safety. According to Mr. Mourot, Mr. Reid had a key to gain access to the apartment.

Dwayne Robinson, the property manager at Chateau Deville Apartments, testified that in June 2009, the apartment complex had night security from eight p.m. until four a.m. Mr. Robinson never witnessed any assaults at the apartments, nor had any employees of the apartments or contractors who worked on the apartments ever come to him and complained of being assaulted or threatened. The only employee who would have been present at the time Mr. Reid was attacked was the on-site maintenance person.

Detective Troy Ellison with the Little Rock Police Department testified that the Chateau Deville Apartments were placed into the city's crime-abatement program (CAP) in 2005 due to reports of criminal activity at the complex. The complex reached an agreement with the city in which the complex agreed to provide twenty-four-hour security. Prior to 2009, it

was determined by the city that the complex had complied with the agreement, and the complex was released from the CAP program. Detective Ellison testified that, based upon the reports of criminal activity at the complex since it was released from the CAP program, he would consider placing the complex back into the program.

Danny Castleberry testified that he was walking in front of the apartment complex at approximately six-thirty a.m. on May 31, 2009, when Shannon Bradford, the same person who attacked Mr. Reid, asked him if he had a cigarette. Mr. Castleberry replied no and Bradford followed him, carrying a paring knife. Bradford demanded Mr. Castleberry's wallet. Mr. Castleberry threw the money he had on the ground; Bradford then threw a brick at Mr. Castleberry, which broke Mr. Castleberry's left arm.

Detective Robert Martin with the Little Rock Police Department testified that he interviewed Bradford following the assault on Mr. Reid. Bradford told police in the interview that he decided to attack Mr. Reid after he saw Mr. Reid walk from the apartment to his ⌊4truck to retrieve a hammer, then return to the apartment. Bradford took what he described as a "small boulder," went into the apartment, and struck Mr. Reid several times. Detective Martin testified that Bradford did not indicate that he chose the location of the assault due to the lack of security at the complex.

In an opinion filed on June 29, 2010, the ALJ found that Mr. Reid sustained a compensable injury on or about June 4, 2009, and awarded benefits to him. In an opinion filed on September 30, 2010, the Commission affirmed and adopted the decision of the ALJ. Appellants have appealed to this court from the decision of the Commission.

■ In appeals involving claims for workers' compensation, our court views the evidence in the light most favorable to the Commission's decision and affirms the decision if it is supported by substantial evidence. *Hope School Dist. v. Wilson*, 2011 Ark. App. 219, 382 S.W.3d 782. Substantial evidence exists if reasonable minds could reach the Commission's conclusion. *Id.* The issue is not whether the appellate court might have reached a different result from the Commission; if reasonable minds could reach the result found by the Commission, the appellate court must affirm. *Id.*

■ Appellants argue on appeal that the Commission's finding that Mr. Reid sustained a compensable injury is not supported by substantial evidence. In order to prove a compensable injury as a result of a specific incident which is identifiable by time and place of occurrence, a claimant must establish by a preponderance of the evidence: (1) an injury arising out of and in the course of employment; (2) that the injury caused internal or external harm to the body ⌊5which required medical services or resulted in disability or death; (3) medical evidence supported by objective findings, as defined in Ark.Code Ann. § 11–9–102(16), establishing the injury; (4) that the injury was caused by a specific incident identifiable by time and place of occurrence. Ark.Code Ann. § 11–9–102(4)(A)(i) (Supp.2009). Appellants argue specifically that, although the evidence establishes that Mr. Reid did sustain an injury that resulted in harm while performing his work duties, he failed to prove that the injury "arose out of" his employment.

■ Mr. Reid was the victim of an assault by a third party. An assault arises out of the employment either if the risk of assault is increased by the nature or setting of the work or if the reason for the assault was a quarrel having its origin in the work. *Bryan v. Best Western/Coachman's Inn*, 47 Ark.App. 75, 78, 885 S.W.2d

28, 29 (1994) (citing *Westark Specialties, Inc. v. Lindsey,* 259 Ark. 351, 532 S.W.2d 757 (1976); *San Antonio Shoes v. Beaty,* 28 Ark.App. 201, 771 S.W.2d 802 (1989); 1 Arthur Larson, *The Law of Workmen's Compensation* § 11 (1993)). The definition of "compensable injury" under the workers' compensation statutes does not include injury to any active participant in assaults or combats which, although they may occur in the workplace, are the result of nonemployment-related hostility or animus of one, both, or all of the combatants and which assault or combat amounts to a deviation from customary duties. Ark. Code Ann. § 11–9–102(4)(B)(i) (Supp.2009). It is clear that the assault upon Mr. Reid does not fall within this exclusion because he was not an active participant in the assault. That finding by the Commission is supported by substantial evidence.

■■ Before the Commission, the parties each advocated a different theory under which the facts should be examined. Mr. Reid argued that the positional-risk doctrine should apply. Appellants argued that the increased-risk doctrine should apply. The Commission analyzed the case under both doctrines and found that Mr. Reid's injuries were compensable under either of them. An injury is deemed to arise out of the employment under the positional-risk doctrine if it is one that would not have occurred but for the fact that the conditions and obligations of the employment placed the employee in the position where the injury occurred. *Kendrick v. Peel, Eddy & Gibbons Law Firm,* 32 Ark.App. 29, 795 S.W.2d 365 (1990). The positional-risk doctrine is implicated in circumstances where an employee is injured by a neutral risk to which she is exposed due to the conditions and obligations of her employment. *Id.* A neutral risk means that the risk which caused the injury was neither personal to the appellant nor distinctly associated with the employment. *Deffenbaugh Inds. v. Angus,* 313 Ark. 100, 105, 852 S.W.2d 804, 808 (1993). In other words, before the doctrine will be applied there must be no evidence that the assault was personal and no evidence that the assault was work related. *Pigg v. Auto Shack,* 27 Ark.App. 42, 766 S.W.2d 36 (1989).

■■ Under the doctrine of increased risk, injuries are compensable if the employment exposed the employee to a greater degree of risk than other members of the general public in the same vicinity. *Jivan v. Economy Inn & Suites,* 370 Ark. 414, 418, 260 S.W.3d 281, 285 (2007). Under this theory, a claimant must prove only that the conditions of his employment, or the place where his employment required him to be, intensified the risk of injury due to extraordinary natural causes. *Id.*

Appellants ask this court to apply the doctrine of increased risk to this case and reverse the decision of the Commission. We decline their invitation to do so. As noted above, this court has previously held that an assault arises out the employment either if the risk of assault is increased by the nature or setting of the work or if the reason for the assault was a quarrel having its origin in the work. *Bryan, supra.* This test is very similar to the increased-risk doctrine; however, there is no requirement that the claimant be placed at a greater degree of risk than other members of the general public in the same vicinity. Although the Commission did not explicitly analyze the facts under the test enunciated in *Bryan,* the Commission did make sufficient findings of fact to satisfy the test.

The Commission found that the risk of assault to Mr. Reid was increased by the setting of his work. The person who attacked him robbed another individual in front of the complex a few days before he assaulted Mr. Reid. Mr. Reid submitted to the Commission a number of police reports of violent acts that occurred at the Cha-

teau Deville Apartments. In addition, there was testimony that, prior to the incident involving Mr. Reid, the apartment complex had been in a special program created to deal with businesses that had been the scene of criminal activity. There was also testimony that the apartment complex could again qualify for the CAP program due to the incidents that have occurred there since the complex's release from the program. We wish to stress that the applicable standard in reviewing a decision of |8the Commission is not whether this court would reach a similar conclusion but, rather, whether reasonable persons could reach the same conclusion as the Commission. We hold that, given the evidence before the Commission, reasonable persons could reach the conclusion that Mr. Reid's injuries are compensable after analyzing the facts under the test applicable to assaults. The decision of the Commission is hereby affirmed.

Affirmed.

MARTIN and HOOFMAN, JJ., agree.